469 So.2d 1144 (1985)
Louella DAVIS
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS and City of New Orleans.
No. CA-2884.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
*1145 Frank W. Lagarde, Jr., New Orleans, for plaintiff-appellee, Louella H. Davis.
Salvador Anzelmo, City Atty., Michael J. Laughlin, Asst. City Atty., New Orleans, for defendant-appellant, City of New Orleans, Paul Piazza.
Before GARRISON, WARD and WILLIAMS, JJ.
WARD, Judge.
The City of New Orleans appeals from the annullment of an earlier judgment which had dismissed Louella Davis' suit against the New Orleans Sewerage and Water Board and the City.
In the earlier action, Ms. Davis filed a petition on October 27, 1980 alleging that she was injured when she fell into a manhole left uncovered due to the defendants' negligence. Both defendants answered the suit, and all parties conducted discovery. On February 5, 1981, attorneys for the City filed a motion to dismiss signed by Ms. Davis' attorney. The motion stated that matters had been "amicably compromised and settled with respect to all defendants." On February 6, 1981, the motion was granted dismissing Ms. Davis' suit with prejudice as to the "above named defendants."[1]
*1146 On October 1, 1981, the Court granted Ms. Davis' attorney's motion to withdraw and substitute new counsel of record. The motion stated that Ms. Davis' original attorney was retiring from the practice of law.
No further action was taken in the lawsuit until late 1983 when Ms. Davis' new attorney began investigating the circumstances of the dismissal. He deposed the City Attorneys. The Sewerage and Water Board then submitted interrogatories to both Ms. Davis and to her former attorney. All parties and their attorneys agreed that there had been no compromise agreement and that neither Ms. Davis nor her attorney had received any money. The reason for the joint motion to dismiss remains unknown or forgotten.
On May 24, 1984, Ms. Davis' present attorney filed a rule to show cause why the judgment of dismissal should not be annulled. After hearing arguments by counsel for the City, the Sewerage and Water Board and Ms. Davis, the Trial Judge annulled the dismissal. He ordered Ms. Davis to file amended pleadings naming the City as a defendant and expressly allowed her to proceed against the Sewerage and Water Board.
In its appeal, the City contends that the Trial Judge erred because Ms. Davis failed to prove two requisites for annulling a final judgment under La.C.Civ.P. art. 2004:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
The City argues that Ms. Davis did not allege or show any fraud or ill practice by which the judgment was obtained, neither did she present evidence that she filed suit within one year of discovery of any fraud or ill practice. In connection with these assertions, the City filed an exception of no cause of action in the Trial Court and a plea of prescription in this Court. Both are peremptory exceptions which may be considered by the court at any time upon the properly filed motion of a party. La.C. Civ.P. art. 927.
We first consider the contention that Ms. Davis has not stated a cause of action. Even after a hearing on the matter, the circumstances surrounding the judgment which Ms. Davis seeks to annul are still unexplained. We believe it is just such situations for which Trial Courts are given discretion to annul judgments under Article 2004. As Justice Dennis said in Kem Search, Inc. v. Scheffield, 434 So.2d 1067, 1070 (La.1983):
Thus, the article [2004] is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.
Under this standard, Ms. Davis clearly states a cause of action, and we deny the City's first exception on these grounds.
Next, we consider the question of whether Ms. Davis' action for nullity was timely filed. The second paragraph of Article 2004 says "[a]n action to annul a judgment on these grounds [fraud or ill practices] must be brought within one year of the discovery by the plaintiff...." Furthermore, the plaintiff in a nullity suit bears the burden of proving that the fraud or ill practice was discovered within the year prior to institution of the suit. Gennuso v. State, 339 So.2d 335 (La.1976). Considering first the City's exception of prescription, we believe it should be denied because we interpret the one year limitation as providing a period of peremption. The caption to the article reads: "Annulment for vices of substance; peremption of action." Although not a part of the statute, the title may be used to determine legislative intent. *1147 State v. Madere, 352 So.2d 666 (La.1977). Furthermore, the general rule is that if the statute creating a cause of action also provides the time period for exercise of the right created, the time period is peremptive. Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899 (1900). As a consequence, the correct procedural device for raising the issue of peremption is the exception of no cause of action, an exception we can raise on our own motion.[2]See, Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220, 238 (1980); La. C.Civ.P. art. 927.
As an aside, we believe Ms. Davis was erroneously permitted to challenge the prior judgment by motion. Article 2004 speaks of "an action to annul a judgment", meaning a new lawsuitto which an exception of no cause of action may be properly pleaded. Nonetheless, the City did not object, and we now consider whether Ms. Davis has stated a cause of action in the "rule to show cause".
The rule does not allege and the record does not contain evidence to prove when she discovered the fraud or ill practice. We therefore hold that she has not stated a cause of action, but we remand this matter to the Trial Court to permit her to amend her pleadings and to prove her claim is not barred by the passage of time. La.C.Civ.P. art. 934.
The case is remanded at appellant's cost.
REMANDED.
NOTES
[1] The Trial Judge who annulled this dismissal found it applied only to the City, and the Sewerage and Water Board is not a party to the present appeal. Nonetheless, Ms. Davis alleged that both defendants were solidarily liable to her, and so, in releasing one, she released both. La.C.C. 2203.
[2] Although the City filed an exception of no cause of action which we deny, it was based on other grounds.