575 So.2d 888 (1991)
Don M. BURKETT, District Attorney, Plaintiff-Appellee,
v.
The PROPERTY OF Aaron DOUGLAS, Defendant-Appellant.
Aaron P. DOUGLAS, Plaintiff-Appellant,
v.
Sheriff Floyd LAMBERT, Don M. Burkett, DeSoto Parish District Attorney, William T. Pegues, Attorney at Law, State of Louisiana, et al., Defendants-Appellees.
Nos. 22115-CA to 22117-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1991.
*889 Aaron P. Douglas, in pro. per.
Plummer, Means & Burgess by Robert E. Burgess, Mansfield, for Sheriff Floyd E. Lambert and Dist. Atty. Don M. Burkett.
Jack R. Gamble, Mansfield, for William T. Pegues, Curator Ad Hoc.
Before SEXTON, HIGHTOWER and VICTORY, JJ.
SEXTON, Judge.
Appellant, Aaron Douglas, appeals the trial court judgments in these three cases which we herewith consolidate due to their common nature. The first two enumerated cases denied plaintiff's motions to annul two judgments of civil forfeiture. The last enumerated case sustained an exception of prescription raised by appellees, DeSoto Parish Sheriff Floyd Lambert and 11th Judicial District Attorney Don Burkett, and thereby dismissed appellant's suit for replevin and damages for improper forfeiture. We affirm the first two enumerated cases, amend the last enumerated matter, and affirm as amended.
These consolidated appeals arise from *890 two petitions for civil forfeiture[1] of property of the appellant brought by District Attorney Burkett pursuant to LSA-R.S. 15:1356, part of the Louisiana Drug Racketeering Act. Appeal No. 22,115-CA involves the forfeiture of two firearms, a pager, a telephone, various jewelry, cash, and an automobile. Appeal No. 22,116-CA involves the forfeiture of a mobile home.
Personal service of the citations and forfeiture petitions on appellant was unsuccessful. An attorney, William T. Pegues, was therefore appointed to represent appellant in the forfeiture proceedings pursuant to LSA-C.C.P. Art. 5091. On April 21, 1988, a hearing was held on the two forfeiture actions. The trial court signed judgments ordering the requested forfeitures on April 21, 1988.
On November 8, 1989, appellant filed a petition for replevin and damages for improper forfeiture; this suit is at issue in Appeal No. 22,117-CA. Named as defendants in the petition for damages were Sheriff Lambert, District Attorney Burkett, Attorney Pegues, and the State of Louisiana.[2] Appellees Lambert and Burkett filed an exception of prescription,[3] claiming the petition for damages was untimely, coming more than one year after the judgments of forfeiture were signed.
On December 18, 1989, Mr. Douglas filed motions to annul the two forfeiture judgments. The motions to annul, as well as the petition for replevin and damages, allege that the forfeitures were illegal, improper, and should be annulled as appellant was never served with notice of the forfeiture proceedings and thus was unable to present a defense.
On January 19, 1990, a hearing was held on the motions to annul and the exception of prescription. Sheriff Lambert and District Attorney Burkett submitted the prescription issue on the face of the pleadings. Mr. Douglas, appearing in proper person, stated he did not have any evidence he wished to present. The trial court took the matter under advisement. On March 26, 1990, the trial court signed three judgments, denying the two motions to annul and sustaining the exception of prescription and therefore dismissing appellant's demand for replevin and damages. Mr. Douglas appeals these three judgments.
A judgment may be attacked on the basis that it is absolutely null for vices of form, LSA-C.C.P. Art. 2002, or on the basis that it is relatively null for vices of substance, LSA-C.C.P. Art. 2004. LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3rd Cir. 1980). These two statutes provide:
Art. 2002. Annulment for vices of form; time for action
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
Art. 2004. Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
Mr. Douglas argues that the trial court erred in failing to declare the forfeiture judgments null under either Art. 2002(2) or *891 Art. 2004. Mr. Douglas argues that, as he was never cited or served with notice of the pendency of the forfeiture proceedings, the forfeiture judgments should not be allowed to stand under either Art. 2002(2) or Art. 2004. See also, LSA-C.C.P. Art. 1201.
Although Mr. Douglas was never personally served in the forfeiture proceedings, attorney William T. Pegues was appointed to represent the appellant and was served. The appointment of Mr. Pegues as attorney for Mr. Douglas was made pursuant to LSA-C.C.P. Arts. 5091, et seq. Art. 5091 provides, in pertinent part:
Art. 5091. Appointment; contradictory proceedings against attorney; improper designation immaterial The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance....
Following his appointment, it was incumbent upon Mr. Pegues to use reasonable diligence to communicate with Mr. Douglas and to inform him of the pendency and nature of the forfeiture proceedings, LSA-C.C.P. Art. 5094, and to defend the actions, LSA-C.C.P. Art. 5095. Although Mr. Douglas asserts that Mr. Pegues was deficient in his duties, the forfeiture judgments may not be set aside on the basis of Mr. Pegues's alleged failure to perform these statutory duties.[4] LSA-C.C.P. Art. 5098; In re Wildeboer, 406 So.2d 687 (La. App. 2d Cir.1981); Chapa v. Chapa, 471 So.2d 986 (La.App. 1st Cir.1985).
A judgment may, however, be rendered null where evidence shows that the defendant was not an absentee[5] and thus an attorney was erroneously appointed to represent him. The rationale behind finding the judgment a nullity in such a case is that service should have been made on the defendant personally rather than on the attorney, whose appointment was unnecessary and therefore of no effect. The underlying judgment would be absolutely null because of a vice of formthe lack of a valid citation and service of process. The burden is on the plaintiff in the nullity action, here Mr. Douglas, to prove that he was not an absentee, that he was available to be served or that a diligent search, which would have resulted in the ascertainment of his whereabouts, was not made. Peschier v. Peschier, 419 So.2d 923 (La. 1982); Moore v. Moore, 340 So.2d 404 (La. App. 2d Cir.1976).
In the instant case, Mr. Douglas failed to present any evidence at the nullity hearing and accordingly failed to carry his burden of proving that he was not an absentee at the time of the forfeiture proceedings. There was thus no vice of form shown which would have rendered the judgment absolutely null.
Mr. Douglas alternately argues that the forfeiture judgments were relatively null because they were obtained through fraud or ill practices. The jurisprudence interpreting LSA-C.C.P. Art. 2004 has set forth the following two criteria to determine whether a judgment has been obtained by fraud or ill practices: (1) when the circumstances under which the *892 judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983); Adams v. Mills, 557 So.2d 1128 (La.App. 2d Cir.1990), writ denied, 561 So.2d 101 (La.1990). A trial court has discretion in determining whether a judgment should be annulled because of fraud or ill practices. Kem Search, Inc. v. Sheffield, supra; Succession of Lewis, 440 So.2d 899 (La.App. 2d Cir.1983), writ denied, 443 So.2d 1119 (La. 1984).
The appellant's failure to present any evidence at the nullity hearing precludes a finding that the forfeiture judgments were obtained through fraud or ill practices. Although Mr. Douglas raises various arguments in brief which could plausibly support his allegations of fraud or ill practices, these assertions are unsupported by any evidence in the record. The trial court did not abuse its discretion in failing to find the forfeiture judgments relatively null pursuant to LSA-C.C.P. Art. 2004.
Finally, we conclude that the trial court judgment dismissing the plaintiff's demands in his suit for damages was correct, but for different reasons. LSA-C. C.P. Art. 2004 states that an action of nullity must be brought within one year of the discovery of fraud or ill practices. The burden of so proving is upon the plaintiff in the nullity action. Gennuso v. State, 339 So.2d 335 (La.1976). However, the one year limitation of LSA-C.C.P. Art. 2004 is considered a period of peremption rather than prescription. Civello v. Johnson, 567 So.2d 643 (La.App. 4th Cir.1990), writ denied, 569 So.2d 987 (La.1990); Davis v. Sewerage and Water Board of New Orleans, 469 So.2d 1144 (La.App. 4th Cir. 1985). We may raise this exception on our own motion, and we do so.[6] LSA-C.C. Art. 3460.
As we have indicated, the hearings on the exception and on the substance of the motions to annul were held simultaneously. Mr. Douglas, by his failure to present any evidence, has thus failed in his burden of proof as to the timeliness of his nullity action under LSA-C.C.P. Art. 2004. The trial court judgment in No. 22,117-CA is therefore amended to reflect that an exception of peremption is supplied by this court and the demands of the plaintiff are accordingly dismissed.
In conclusion, in light of the appellant's failure to present any evidence at the nullity hearing, we are unable to find error in the trial court's judgments denying the motions to annul the two forfeitures, and we have supplied and sustained an exception of peremption dismissing plaintiff's petition for replevin and damages. Accordingly, the judgments appealed from are affirmed at appellant's cost. LSA-C.C.P. Art. 5188.
AFFIRMED.
NOTES
[1] A forfeiture proceeding under LSA-R.S. 15:1356 is considered a civil matter. State v. Hunt, 568 So.2d 1104 (La.App. 2d Cir.1990); State v. Nine (9) Savings Accounts, 535 So.2d 1097 (La.App. 2d Cir.1988), rev'd on other grounds, 553 So.2d 823 (La.1989).
[2] Appellees point out in brief that the state was never served.
[3] Mr. Pegues did not file an exception of prescription.
[4] The record contains copies of letters Mr. Pegues addressed to the defendant at addresses in Grand Cane, Louisiana, and Houston, Texas, all of which were returned for various reasons.
[5] An absentee is defined in LSA-C.C.P. Art. 5251(1):

Art. 5251. Words and terms defined
Except where the context clearly indicates otherwise, as used in this Code:
(1) "Absentee" means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.
[6] The fact that we may notice the exception on our own motion is important in that Mr. Pegues has not filed an exception.