685 So.2d 644 (1996)
A.S.
v.
M.C. and P.C.
No. 96 CA 0948.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
Writ Denied March 14, 1997.
*645 Michael W. Shannon, Alexandria, for A.S.
L.G. LaPlante, Cut Off, for M.C. and P.C.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
WHIPPLE, Judge.
This is an appeal by A.S. from a judgment dismissing her petition to annul a Judgment of Final Adoption. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
The parties to this proceeding stipulated to the following facts. Plaintiff, A.S., was married to B.C., and of the marriage, one child was born, B.C., Jr. The child was born on July 25, 1984. Subsequently, on August 26, 1987, A.S. and B.C. were divorced by judgment of the Circuit Court in Osceola County, Florida.
Around the time of the divorce, M.C. and P.C., the parents of B.C. and paternal grandparents of B.C., Jr., requested to adopt B.C., Jr. A.S. signed a "Concurrence" on July 6, 1987, consenting to the adoption. This Concurrence was not in authentic form, and the parties stipulated that if called to testify, A.S. would have testified that she was advised only by the attorney representing the prospective adoptive parents, M.C. and P.C., with regard to the Concurrence.
The petition for final adoption was filed on July 28, 1987, and the final decree of adoption was rendered on September 16, 1987. The adoption record which was introduced into evidence in this matter reveals that B.C., Jr. has been living with his adoptive parents/grandparents, M.C. and P.C., since August of 1986. However, even after the adoption, both A.S. and B.C. continued to have some contact with B.C., Jr.
On December 4, 1992, almost five years after the final decree of adoption, A.S. filed a petition to annul the judgment of final adoption, alleging that it was obtained by fraud or ill practices. Specifically, A.S. alleged that the Concurrence was not in authentic form and that she was not advised by an attorney other than the attorney for the prospective adoptive parents, as required by the amendment to LSA-R.S. 9:422.6, effective July 9, 1987.
After the parties entered into the joint stipulation of facts, the trial court took the matter under advisement. By judgment dated February 27, 1996, the trial court rendered judgment in favor of defendants, dismissing plaintiff's demand.[1] In reasons for judgment, the trial court found that whether the Concurrence was in authentic form or signed with the benefit of separate counsel was of no moment, because pursuant to LSA-R.S. 9:440.1 (now repealed), all acts of voluntary surrender executed in this state prior to January 1, 1988, with respect to children born in this state, were declared valid. Thus, the trial court concluded that A.S.' objections to the Concurrence, or Act of Surrender, in this matter had come too late. A.S. now appeals.

DISCUSSION
A.S. avers that the trial court erred in dismissing her petition, because the act of surrender executed by A.S., labeled a "Concurrence," is invalid based on its alleged failure to comply with the requirements of LSA-R.S. 9:422.6 in that it was not executed in authentic form and was not signed by A.S. with the benefit of separate counsel. In her petition and brief to this court, A.S. states that LSA-R.S. 9:422.6 did not become effective until July 9, 1987, three days after the Concurrence was executed. However, A.S. argues that even though LSA-R.S. 9:422.6 was not effective at the time the Concurrence was executed, it was effective at the time the petition for adoption was filed and, thus, is applicable herein.
A.S. further avers that the trial court erred in relying upon LSA-R.S. 9:440.1 to conclude that the Concurrence herein is valid *646 and, thus, that A.S.' petition to annul was not timely, because LSA-R.S. 9:440.1 cannot deprive a parent of substantive rights designed to protect and promote the bond between parent and child and because LSA-R.S. 9:440.1 was repealed effective January 1, 1992, with no similar provision enacted in its stead.
Contrary to the contentions of A.S., LSA-R.S. 9:422.6 was added by Acts 1979, No. 686, § 1. It was amended effective July 9, 1987. At the time the Concurrence herein was executed, LSA-R.S. 9:422.7 provided that "[t]he surrendering parent ... shall be represented by an attorney at the execution of the act of surrender," and LSA-R.S. 9:422.6 provided that "[e]ach necessary party [to the act of surrender] must sign in the presence of a notary and two witnesses." LSA-R.S. 9:422.6 and 422.7 (prior to amendment by Acts 1987, No. 702, § 1 and repeal by Acts 1991, No. 235, § 17). Thus, at the time of execution of the Concurrence, R.S. 9:422.6 required that the act of surrender be executed in authentic form; however, there was no requirement of separate counsel.
Effective July 9, 1987, three days after the Concurrence was executed by A.S., LSA-R.S. 9:422.7 was amended to provide that the surrendering parent shall be represented by an attorney at the execution of the act of surrender, "provided, however, the attorney representing such person or persons shall not be the attorney who represents ... the prospective adoptive parents." LSA-R.S. 9:422.7(A) (as amended by Acts 1987, No. 702, § 1). LSA-R.S. 9:422.6 was likewise amended to provide that the act of surrender shall contain a declaration that the surrendering parent had been advised "by an attorney other than the attorney for the prospective adoptive parent or parents." LSA-R.S. 9:422.6(A)(11) (as amended by Acts 1987, No. 702, § 1). The 1987 amendments did not change the requirement that each person whose signature was required on the act of surrender must sign the act in the presence of a notary and two witnesses. LSA-R.S. 9:422.6(B) (as amended by Acts 1987, No. 702, § 1).
In challenging the validity of the Concurrence, A.S. alleges two defects: (1) the fact that she failed to sign the Concurrence before a notary and two witnesses, which is an alleged defect of form, and (2) the fact that she was not advised by separate counsel, which is an alleged defect of substance. For the reasons which follow, we conclude that pursuant to LSA-R.S. 9:440.1, any alleged defect in form was cured, and any fraud or ill practices claim which A.S. may have had based on an alleged defect of substance has been extinguished.
As stated above, the trial court determined that it was irrelevant whether the Concurrence complied with the requirements of R.S. 9:422.6, because LSA-R.S. 9:440.1 provided that any act of voluntary surrender executed prior to January 1, 1988, is hereby declared valid. Thus, the trial court concluded that A.S.' objections to the Concurrence had come too late.
Prior to repeal, LSA-R.S. 9:440.1 provided as follows:
Notwithstanding any provision of this part, any act of voluntary surrender executed in this state prior to January 1, 1988, with respect to all children born in this state, is hereby declared valid, and shall constitute sufficient basis for the exercise of jurisdiction by the courts of this state.
This statute was added by Acts 1988, No. 411, § 1, effective July 10, 1988, and was repealed by Acts 1991, No. 235, § 17, effective January 1, 1992. A.S. first avers that LSA-R.S. 9:440.1 cannot deprive a parent of substantive rights designed to protect and promote the bond between parent and child. We disagree. The provisions of LSA-R.S. 9:440.1 are clear; the statute validates all acts of voluntary surrender executed in this state prior to January 1, 1988. It does not authorize the adoption of children without consent of the natural parents; rather, it merely validates any acts of surrender executed prior to January 1, 1988, over six months prior to the enactment of the statute. See Succession of Pizzillo, 223 La. 328, 65 So.2d 783, 786 (1953). The purpose of this statute is obviously to effectuate finality in adoption proceedings with respect to the interests of parties involved in the adoption and to prevent disruption in the lives of the individuals involved. See Stewart v. Goeb, *647 432 So.2d 246, 248 (La.1983); In the Interest of Voyles, 417 So.2d 497, 500 (La.App. 1st Cir.), writ denied, 420 So.2d 981 (La.1982). Thus, we find no merit to A.S.' argument.
A.S. further avers that the trial court erred in relying upon R.S. 9:440.1, because it was repealed effective January 1, 1992, with the adoption of the Children's Code with no similar provision enacted in its stead. We find no merit to this argument either. In civil matters, the general rule is that a repealing statute is intended to have only prospective application, unless the contrary appears therein or the law is purely procedural and does not affect vested rights. State v. Watson, 247 La. 102, 170 So.2d 107, 108 (1964). We find that LSA-R.S. 9:440.1, which had the effect of validating prior acts of surrender, and thus providing for finality in adoption proceedings, was a substantive law. We likewise conclude that the repealing act is substantive itself, and to give the repealing act retroactive effect would destroy rights conferred by the enactment of LSA-R.S. 9:440.1. See River Cities Construction Company, Inc. v. Barnard & Burk, Inc., 444 So.2d 1260, 1267-1268 (La.App. 1st Cir.1983), writs denied, 446 So.2d 1223, 446 So.2d 1226 (La.1984). Thus, we conclude that the subsequent repeal of LSA-R.S. 9:440.1 by Acts 1991, No. 235, § 17 did not have any effect upon its earlier "validation" of the Concurrence herein, at least to the extent that the alleged defect is one of form.
We now separately address A.S.' contention that there was a defect of substance in the Concurrence, that being the fact that she was advised only by the attorney representing the prospective adoptive parents at the time she executed the Concurrence. A.S. argues that the judgment of final adoption should be annulled, because it was obtained through fraud or ill practices due to this alleged defect of substance.
In Stewart v. Goeb, 432 So.2d 246, 248 (La.1983), the Supreme Court held that the 6-month peremptive period provided in LSA-R.S. 9:440 does not override LSA-C.C.P. art.2004, so as to bar an action to annul an adoption decree obtained through fraud or ill-practices, as long as the action is brought within one year from the date of discovery of the fraud or ill practice. In all other cases except fraud or ill-practices (i.e., defects of form), LSA-R.S. 9:440 would bar the action as preempted.[2] LSA-R.S. 9:440 (prior to its repeal with the adoption of the Children's Code) provided a peremptive period for bringing an action to annul an adoption based on the date on which the adoption decree was rendered, and it was periodically amended to change the dates provided therein.[3]
In finding that R.S. 9:440 did not override the time for filing set forth in C.C.P. art. 2004, the Supreme Court stated as follows:
In our opinion, R.S. 9:440 and [LSA-C.C.P.] art.2004 may be read together. The purpose of the art.2004 nullity action is to provide, independent of all other actions for judicial relief, a mode of redress for injustices in the rendering of judgments.
Stewart, 432 So.2d at 247-248.
Thus, the Supreme Court concluded that R.S. 9:440 was not intended to protect adoption decrees which may have been obtained fraudulently and that the six month peremptive period of R.S. 9:440 could not bar an action to annul an adoption decree obtained through fraud or ill practices brought within one year of the discovery of the fraud. Stewart, 432 So.2d at 248. We conclude that LSA-R.S. 9:440 and LSA-R.S. 9:440.1 were enacted to serve the same general purpose of providing finality of adoption decrees. Thus, we also conclude that the dictates of Stewart *648 are equally applicable herein, and an action to annul an adoption decree obtained through fraud or ill practices (i.e., a vice of substance) is governed by the provisions of LSA-C.C.P. art.2004, not LSA-R.S. 9:440.1. However, as discussed below, we likewise find that any claim to annul which A.S. may have had based on fraud or ill practices has also come too late.
The alleged facts herein supporting A.S.' argument that there was a vice of substance in the adoption decree because it was obtained through fraud or ill practices were: (1) that A.S. was advised by the same attorney who represented M.C. and P.C. in this matter and (2) that she had no knowledge of this defect until July of 1992, when she retained the services of an attorney, who obtained a certified copy of the adoption proceedings. Suit was filed less than one year after the alleged discovery of the fraud or ill practices.[4]
LSA-C.C.P. art.2004 provides, as follows:
Art.2004. Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
In Davis v. Sewerage and Water Board of New Orleans, 469 So.2d 1144, 1146 (La.App. 4th Cir.1985), the Fourth Circuit Court of Appeal determined that the one year limitation set forth in LSA-C.C.P. art. 2004 provides a period of peremption, not prescription. See also Civello v. Johnson, 567 So.2d 643, 649 (La.App. 4th Cir.), writ denied, 569 So.2d 987 (La.1990). As noted by the Fourth Circuit in Davis, the caption to LSA-C.C.P. art.2004 reads "Annulment for vices of substance; peremption of action," an indication of legislative intent to provide a peremptive period. Davis, 469 So.2d at 1146. Moreover, the general rule is that if the statute creating a cause of action also provides the time period for exercise of the right created, the time period is peremptive. Davis, 469 So.2d at 1147, citing Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899 (1900).
The Second Circuit Court of Appeal has likewise determined that the one year limitation provided in LSA-C.C.P. art.2004 is a period of peremption, rather than prescription. Burkett v. Property of Douglas, 575 So.2d 888, 892 (La.App. 2nd Cir.1991); see also McKinney Saw & Cycle v. Barris, 626 So.2d 786, 789-790 (La.App. 2nd Cir.1993).
We find merit in the rationale of the Fourth Circuit in Davis and likewise recognize that the one year limitation provided in LSA-C.C.P. art.2004 is a period of peremption.[5] Thus, the lapse of the one year peremptive period may be noticed by the court *649 on its own motion. LSA-C.C. art. 3460; LSA-C.C.P. art. 927; Burkett, 575 So.2d at 892; Civello, 567 So.2d at 649.
Clearly, A.S. had all the facts concerning the alleged fraud or ill practices at the time the Concurrence was executed.[6] She was aware at that time that she was being advised by the attorney representing M.C. and P.C., and she was present when she signed the document to ascertain whether her signature was executed before a notary and two witnesses. The facts which form the basis of A.S.' action for nullity have been in her possession all along. It is the knowledge of these facts, and not necessarily their legal consequences, which commenced the running of the one year limitation provided in LSA-C.C.P. art.2004. Succession of Albritton, 497 So.2d 10, 12 (La.App. 4th Cir.), writ denied, 498 So.2d 742 (La.1986). Thus, A.S.' claim to annul the judgment for fraud or ill practices was extinguished on July 6, 1988, one year after the execution of the Concurrence, the date on which A.S. undisputedly became aware of the facts which gave rise to the claim for nullity based on alleged fraud or ill practices.
Consequently, any cause of action to annul the judgment of adoption based on a vice of form was extinguished with the enactment of LSA-R.S. 9:440.1 on July 10, 1988, and any cause of action pursuant to LSA-C.C.P. art. 2004 to annul the judgment of adoption for vice of substance as alleged herein was extinguished on July 6, 1988. Accordingly, we find no error by the trial court in dismissing the petition of A.S.

CONCLUSION
For the above and foregoing reasons, the February 27, 1996 judgment of the trial court, dismissing the petition of A.S. is affirmed. Costs of this appeal are assessed against A.S.
AFFIRMED.
FITZSIMMONS, J., concurs.
NOTES
[1] The record indicates that P.C. died before judgment was rendered by the trial court; however, judgment was rendered in favor of M.C. and P.C.
[2] Effective January 1, 1992, the Children's Code now provides that an action to annul a final decree of adoption may only be brought on the grounds of fraud or duress and that the action must be brought within six months from discovery of the fraud or duress. LSA-Ch. C. arts. 1262 and 1263. However, these articles are not dispositive herein because under the facts presented, any cause of action A.S. may have had to seek to annul the judgment of adoption on the grounds that it was obtained through fraud or ill practices was extinguished long before the enactment of the Children's Code.
[3] For instance, at the time of its repeal, LSA-R.S. 9:440 provided in part that no action to annul a final decree of adoption rendered prior to September 7, 1979, could be brought.
[4] In brief to this court, counsel for A.S. also avers that A.S. was not properly advised that she was terminating parental rights. However, the record is void of any evidence to support this claim, as no stipulation of fact, statement by A.S., or other evidence was introduced in this matter to support such an assertion. Rather, the parties only stipulated that if she had been called to testify, A.S. would have testified that the only attorney who advised her with regard to the Concurrence, was the attorney for the prospective adoptive parents.
[5] We note that Stewart v. Goeb, 432 So.2d 246, 248 (La.1983), contains a reference to the one year limitation of LSA-C.C.P. art.2004 as a "prescriptive period." However the court therein was not faced with the issue of whether this limitation is actually peremptive or prescriptive. Thus, we conclude that the Supreme Court's reference to the one year limitation of LSA-C.C.P. art.2004 as "prescriptive" is not dispositive of this issue.

Instead, the issue before the Supreme Court in Stewart was whether the statutory peremptive period of six months within which to seek annulment of an adoption decree under the applicable version of R.S. 9:440 would override the general one year period in LSA-C.C.P. art.2004 for bringing an action to annul a judgment obtained by fraud or ill practices. In Stewart, the mother allegedly obtained the adoption by fraud and without any notice to the father, and the father brought suit within one year of discovery (pursuant to art.2004) but in excess of six months after the cut-off date for any action to annul a final decree of adoption "for any reason" in LSA-R.S. 9:440.
Interestingly, in determining that the six month peremptive period of R.S. 9:440 did not override the period afforded by LSA-C.C.P. art. 2004, the Court referred to the time limit set forth in art.2004 as the "one year prescriptive period of art.2004." (Emphasis added).
[6] Cf. Stewart, 432 So.2d at 247.