839 So.2d 434 (2003)
LOWE'S COMPANIES, INC.
v.
Michael D. LEBLANC.
No. 02-730.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
*435 M. Blake Monrose, Hurlburt, Privat & Monrose, Lafayette, LA, for Appellant, Lowe's Companies, Inc.
Robert T. Jacques, Jr., Lake Charles, LA, for Appellee, Michael D. Leblanc.
Court composed of ULYSSES GENE THIBODEAUX, SYLVIA R. COOKS and JIMMIE C. PETERS, Judges.
COOKS, Judge.
On November 1, 1993, a trial captioned "Michael D. Leblanc v. Lowe's, Inc.," Docket No. 93-00486, was held before the Office of Workers' Compensation. The issues at trial were whether Leblanc's alleged cervical and lumbar injuries were caused by and related to his on the job accident with Lowe's. At the conclusion of the trial, the Workers' Compensation Judge (WCJ) rendered judgment finding that Leblanc had proven that his cervical complaints were related to the work accident. However, the WCJ also found Leblanc failed to prove his lumbar complaints were related to the work accident. The WCJ specifically stated it "[did] not find Mr. Leblanc credible on the back issue and finds that Mr. Leblanc was not truthful in his testimony as to his back complaints." Judgment was rendered on July 7, 1994.
On July 10, 2000, Lowe's filed a 1008 Disputed Claim Form, claiming that Leblanc had willfully made false statements and misrepresentations in violation of La. R.S. 23:1208 and as a result should forfeit any right to workers' compensation benefits. Lowe's 1208 claim was based on Leblanc's original claim for disability benefits *436 under Docket No. 93-00486 in which he asserted that he injured his lumbar spine in a work-related accident on July 8, 1992; his comments to his treating physicians; his contradictory testimony given under oath at trial; and, in particular, the findings of the WCJ that she did not believe his claim and found him to be "not truthful" concerning his alleged lumbar injury. The entire record and transcript of Docket No. 93-00486 was entered into the record.
A judgment was rendered on January 9, 2002, in the present case, denying Lowe's claim for forfeiture of benefits. The Workers' Compensation Judge (WCJ) gave the following oral reasons for judgment:[1]
After reviewing the record, considering the law and the evidence, this court finds that the record shows that the defendant made false statements. Judge Morrow indicated he was untruthful. The claimant testified that he did not mention the back injury earlier because he wanted to work. His explanation is a plausible reason for his statement, and his explanation was not refuted. While Judge Morrow found the claimant to be incredible on the injury to the low back, a finding of untruthfulness does not in and of itself rise to fraudulent misconduct.
Therefore, this Court is not convinced that the purpose of claimant's false statements were [sic] by a totality of the circumstances or otherwise for the purposes of receiving workers' compensation benefits.

ANALYSIS
La.R.S. 23:1208 governs the consequences of false statements made by parties in connection with a workers' compensation claim. Under R.S. 23:1208, in order for there to be a forfeiture of benefits, the claimant must have: (1) made a false statement or representation; (2) willfully made the statement or misrepresentation; and (3) made the statement or misrepresentation for the purpose of obtaining or defeating any benefits or payments. Resweber v. Haroil Constr. Co., 94-2708 (La.9/5/95), 660 So.2d 7. All of these requirements must be present before a claimant is deemed to have forfeited benefits. Harris v. Bancroft Bag, Inc., 30,431 (La.App. 2 Cir. 4/9/98), 714 So.2d 44. Section 1208 is penal in nature and must be strictly construed. Wallace v. Lavergne Transport, 02-0123 (La.App. 3 Cir. 6/12/02), 819 So.2d 508, writ denied, 02-1896 (La.10/25/02), 827 So.2d 1176.
The WCJ specifically found Leblanc did not make his misrepresentations for the purpose of receiving benefits, but rather "because he wanted to work." Factual findings in workers' compensation cases are subject to the manifest error/clearly wrong standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La.01/14/94), 630 So.2d 706. If the factfinder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.07/01/97), 696 So.2d 551.
We pretermit, however, considering the reasonableness of the judge's characterization of Leblanc's intent in making certain in-court misrepresentations. By its own admission, Lowe's did not assert a 1208 claim until six years after the first trial because it felt the provision "had no teeth" and the claim was not winnable until the *437 Resweber decision. Lowe's made no contemporaneous motion during or immediately after the original trial to raise a 1208 claim. We also note Resweber was released nearly five years before Lowe's decided to file the present 1208 claim.
La.Code Civ.P. art.2004 provides that a final judgment obtained by fraud or ill practices may be annulled, but said action to annul the judgment on those grounds "must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices." Lowe's discovered Leblanc's misrepresentations during the original trial and at the latest when the WCJ specifically stated Leblanc was not truthful in his testimony concerning his alleged lumbar injuries. Lowe's did not timely seek reversal or annulment of the judgment awarding Leblanc benefits for his cervical injury.
In Davis v. Sewerage & Water Board of New Orleans, 469 So.2d 1144 (La.App. 4 Cir.1985), the fourth circuit court of appeal held the one-year limitation found in La.Code Civ.P. art.2004 is peremptive, not prescriptive. See also Civello v. Johnson, 567 So.2d 643 (La.App. 4 Cir.), writ denied, 569 So.2d 987 (La.1990). As the fourth circuit noted in Davis, the caption to La.Code Civ.P. art.2004 reads "[A]nnulment for vices of substance; peremption of action," an indication of legislative intent to provide a peremptive period. Davis, 469 So.2d at 1146. We note further as a general rule "if a statute creating a cause of action also provides the time period for exercise of the right created, the time period is peremptive." Davis, 469 So.2d at 1147, (citing Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So.2d 899 (1900)).
The second circuit court of appeal and the first circuit court of appeal have likewise determined that the one-year limitation provided in La.Code Civ.P. art.2004 is a period of peremption, rather than prescription. A.S. v. M.C., 96-0948 (La.App. 1 Cir. 12/20/96), 685 So.2d 644, writ denied, 97-213 (La.3/14/97), 690 So.2d 38; Burkett v. Property of Douglas, 575 So.2d 888 (La. App. 2 Cir.1991).
Peremption extinguishes a cause of action. Thus, the lapse of the one-year peremptive period under La.Code Civ.P. art.2004 extinguished whatever cause of action Lowe's could have asserted under La.R.S. 23:1208. The lapse of the one year peremptive period may be noticed by this court, on its own motion. La.Code Civ.P. art. 927. Lowe's right to assert a 1208 claim was nullified one year from the date it first learned of the false statements and misrepresentations referenced in its 1008 Disputed Claim Form. A cause of action simply does not exist under Section 1208. Lowe's procedurally failed to preserve the claim which it now has no right to judicially pursue.

DECREE
For the foregoing reasons, the judgment of the Office of Workers' Compensation denying Lowe's claim for forfeiture of benefits under La.R.S. 23:1208 is affirmed. Costs of this appeal are assessed against Lowe's.
AFFIRMED.
PETERS, J., concurs and assigns written reasons.
PETERS, J., concurring.
The majority opinion affirms the judgment of the workers' compensation judge (WCJ) denying Lowe's Companies, Inc.'s (Lowe's) request for forfeiture of benefits under La.R.S. 23:1208. While I agree with the result reached by the majority, I respectfully disagree with the basis for that result.
*438 The majority pretermits addressing the merits of the claim by construing Lowe's 1208 claim as an action to annul a final judgment obtained by fraud or ill practices pursuant to La.Code Civ.P. art. 2004. Applying La.Code Civ.P. art. 2004(B), the majority concludes that the action to annul was not timely. I do not find La.Code Civ.P. art. 2004 to be applicable to this matter.
Neither Lowe's nor Mr. Leblanc raised the issue of the applicability of La.Code Civ.P. art. 2004. I surmise that they did not do so because Mr. Leblanc did not obtain a judgment by fraud or ill practices. In fact, the WCJ actually denied Mr. Leblanc's claim for disability benefits regarding his alleged lumbar injuries because the WCJ found him to be untruthful in that regard. Rather, Mr. Leblanc obtained a judgment for benefits only in connection with his cervical injuries, for which the WCJ found him credible. In other words, nothing was "obtained" by the alleged false representations.
Additionally, application of La.Code Civ.P. art. 2004 to the facts of this case would have far-reaching repercussions not intended by La.R.S. 23:1208. Specifically, when a judgment is set aside for fraud or ill practices, it is set aside in its entirety. In this case, the remedy under La.Code Civ.P. art. 2004 would be the return of all benefits paid to date by Lowe's, although Lowe's had knowledge of the alleged fraud over six years prior to the filing of its 1208 claim. In contrast, under La.R.S. 23:1208(D), the right to restitution is retroactive "only up to the time the employer became aware of the fraudulent conduct." To supply a 2004 objection, which we may not do in the first instance, could have resulted in a windfall for Lowe's in this case, surely a result not intended under the quid pro quo compensation scheme, had the majority not found that peremption had occurred to extinguish the claim.
Because of the continuing nature of a workers' compensation claim, there seems to be no prescriptive or preemptive period for asserting a 1208 claim. In fact, had Lowe's simply paid Mr. Leblanc benefits and six years later discovered that there had been a 1208 violation that occurred immediately after the alleged accident giving rise to the claim, nothing would have prevented it from instituting a 1208 filing. Lowe's could seek restitution of benefits from the time it became aware of the fraudulent conduct under La.R.S. 23:1208(D) as well as forfeiture of future benefits under La.R.S. 23:1208(E).
The majority acknowledges that "Lowe's discovered Leblanc's misrepresentations during the original trial and at the latest when the WCJ specifically stated Leblanc was not truthful in his testimony concerning his alleged lumbar injuries." While it certainly seems inequitable to allow Lowe's to sit in the gap for six years and then seek to have Mr. Leblanc's benefits terminated, the only procedural vehicle that might be applicable to avoid addressing the merits of the claim arises under La.R.S. 13:4231(3). However, we cannot raise the exception of res judicata on our own motion. See La.Code Civ.P. art. 927(B).
In my opinion, we are left with no choice but to consider the merits of the 1208 claim. In doing so, I would affirm the WCJ's judgment on the basis that there is no manifest error in her determination in that regard.
NOTES
[1] We note in Docket No. 93-00486, the presiding WCJ was the Honorable Sharon McCauley. In the present suit, the Honorable Charlotte Bushnell was the presiding WCJ.