CARAWAY, J.
11Twenty-eight months following an Article 103(1) judgment of divorce, plaintiff filed an action to annul the judgment based on lack of service, a vice of form, and/or reconciliation, a vice of substance. After trial, the trial court declared the judgment of divorce a nullity due to the parties’ reconciliation which had occurred before the confirmation of the default judgment for divorce. Finding that per-emption of the nullity action applies, we reverse the trial court’s ruling.

Facts and Procedural History

Wayne and Brandy were married on January 17, 2003, and established their matrimonial domicile in Jackson Parish. In 2004, Wayne hired an attorney, Jeff Robinson (Robinson), with the intent of obtaining a divorce pursuant to Civil Code Article 103(1) (hereinafter a “103(1) divorce”). At this initial meeting, he informed Robinson that the parties had been separated since July 2003. As a result of this meeting, Robinson prepared the divorce documents, including the 103(1) divorce petition, waiver of service, citation, and delays, affidavit of non-representation for Brandy, affidavit for the 103(1) divorce, affidavit of non-reconciliation for the 103(1) divorce, and judgment of divorce. After the divorce papers were completed in 2004, Robinson testified that his client told him “to hold up on everything.”
On May 27, 2005, Wayne and Brandy returned to Robinson’s office and signed all of the paperwork that Robinson had previously prepared, including a community property settlement, a waiver of service, citation, |2and legal delays, an affidavit of non-representation, and the judgment of divorce.[1] Although these documents were prepared in 2004, Robinson struck through the 2004 and wrote 2005 before notarizing them. Brandy also received at that time at least $2,000 in connection with the settlement of the community.
In particular, Brandy signed before Robinson, as notary, the following:
(1) A waiver of service, citation and all legal delays, in which she attests *514 that she has read the petition and that she desires that the matter be taken up as soon as possible for confirmation;
(2) An affidavit representing that the parties had not “reconciled their marriage since July 15, 2003” and that she desired a divorce on the grounds of living separate and apart for more than 6 months; and
(3) An affidavit in which, after acknowledging Robinson’s representation of Wayne, she agrees to the terms of the pleadings as her own free will.
Additionally, on the judgment which was ultimately signed by the court, Brandy’s signature appears under the subcaption, “Approved As To Form.”
After the execution of these pleadings, Robinson filed the petition for the 103(1) divorce on June 1, 2005. Nevertheless, again, Wayne instructed Robinson not to proceed further to obtain the divorce at that time.
It was not until May 21, 2006, eleven months after the petition was filed that further action was taken. On May 21, 2006, Robinson notarized Wayne’s affidavit for a 103(1) divorce. This document also appears to have been prepared in 2004, and again, Robinson struck through 2004 and added |32006 as the year. The May 21 affidavit stated that the couple had been separated since July 2003. On June 15, 2006, a preliminary default was entered on the Smith divorce.
In order to obtain the confirmation of judgment, Wayne presented Brandy’s waiver of citation and service, and the affidavits of both parties which stated that they had lived separate and apart since July 2003. The confirmation of default resulted from the submission of the affidavits alone pursuant to La. C.C.P. art. 1702(E), and the trial court granted the judgment of divorce on June 22, 2006.
On October 13, 2008, over two years after the divorce judgment was granted, Brandy filed a petition to annul the judgment. In this petition, she alleged that she executed the waiver of service prior to the petition being filed and did not receive a certified copy of the petition. She alleged that this procedural deficiency renders the judgment a nullity. In addition, she alleged that the parties had reconciled after the petition of divorce was filed but before the judgment of divorce was granted. As a result of these facts, she requested that the judgment of divorce be annulled.
At the trial on this matter, several witnesses testified. Most of the evidence concerned events that occurred after the divorce petition was filed. The key period in a 103(1) divorce occurs in the six months prior to filing the petition, which in this case would have been from December 2004 through May 2005. The only proof that the parties were together during this period comes from their attendance at the wedding of Brandy’s best friend. Tara and Shelby Hatfield both testified that Wayne and Brandy attended |4their wedding together on March 12, 2005. Throughout the entire time period Wayne resided in Jackson Parish. Brandy testified that she had moved to Ouachita Parish in 2004. While she stated that they had a long distance marriage, Wayne testified that he never intended to reconcile.
The following facts of reconciliation revolve around the time period after the divorce petition was filed in June 2005. At the trial, it was established that Brandy and Wayne went on a vacation together in July 2005. A picture of the pair on their motorcycles was presented at trial. Many of Brandy’s belongings were located in Wayne’s residence during this time. Brandy testified that Wayne told her that *515 he obtained the divorce in 2006. Upon learning of the divorce, Brandy, Tara, and Shelby moved Brandy’s belongings out of Wayne’s house. The trial court found it noteworthy that these belongings filled a pickup truck. The testimony of Tara and Shelby established .that the move by Brandy back to Ouachita Parish occurred before school began in August 2006.
It was largely based on these facts that the trial court determined that the parties had reconciled after the petition was filed and before the rendition of the June 2006 judgment. Ultimately, the trial court denied Brandy’s assertion for nullity of judgment based on a procedural defect. Yet, the trial court determined that the parties’ reconciliation was a substantive defect which rendered the divorce judgment a nullity. Wayne appeals the judgment.
| ⅜Discussion
The action of nullity is addressed in Articles 2001, et seq., of the Code of Civil Procedure.[2] The initial ground for Brandy’s claim of nullity was improper service of the petition. An annulment of a judgment for vice of form under La. C.C.P. art. 2002 is proper when the judgment was “against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction.” This ground regarding service of process goes to the basic due process concern of notice of the proceeding and claim against the defendant.
Actual service upon the defendant for a 103(1) divorce is allowed to be waived, however, under La. C.C.P. art. 1701(B), which provides as follows:
When a defendant in an action for divorce under Civil Code Article 103(1), by sworn affidavit, acknowledges receipt of a certified copy of the petition and waives formal citation, service of process, all legal delays, notice of trial, and appearance at trial, a judgment of default may be entered against the defendant the day on which the affidavit is filed. The affidavit of the defendant may be prepared or notarized by any notary public. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes. Notice of the signing of the final judgment as provided in Article 1913 is not required.
Additionally, La. C.C.P. art. 1201(B) provides that “[t]he defendant may expressly waive citation and service thereof by any written waiver made part of the record.” Furthermore, La. C.C.P. art. 2003 prevents the annulment of a judgment by “[a] defendant who voluntarily acquiesced in the judgment.”
IfiThe affidavit of Brandy was notarized before Robinson on May 27, 2005, and provided as follows:
That she has read the petition filed herein by EDWIN WAYNE SMITH, that she accepts service of same without the necessity of being served by the Sheriffs Office of the Parish of Jackson, State of Louisiana, that she waives formal citation; that she also waives any legal delays that she may be granted under the laws of the State of Louisiana, and she also desires that this matter be taken up without the necessity of legal delays and desires that this matter be taken up as soon as possible for confirmation.
From these facts, we find that notice of the divorce action was given to *516 Brandy and that her waiver of service was sufficient. Admittedly, compliance with Article 1701(B) did not occur as Brandy did not receive a certified copy of the petition for divorce which was filed four days after her waiver. Nevertheless, from the affidavits which she signed on May 27, her signature and acknowledgment on the proposed judgment of divorce, and her testimony regarding those actions, we do not find that her due process rights were violated, amounting to grounds for the absolute nullity of the judgment under Article 2002(2). Brandy clearly received notice of the proposed divorce as set forth in the petition, attested to the parties’ separation for the preceding six months, and waived formal service and citation of the action, revealing her voluntary acquiescence in the judgment. La. C.C.P. art. 2003; compare, Bernard v. Bernard, 94-1285 (La.App. 3d Cir.1/9/95), 648 So.2d 509.
Next, the trial court’s nullification of the judgment rested upon the impropriety of Wayne’s obtaining the judgment while knowing of the parties’ reconciliation. Such vice of substance falls under the rule that "[a] final judgment obtained by fraud or ill practice may be annulled.” La. |7C.C.P. art. 2004. Wayne’s affidavit of May 21, 2006, falsely reported that the parties’ separation had existed from July 2003 through that time. The trial court determined that reconciliation between the parties occurred in 2005, if not before, and that the parties resided together in Jackson Parish at least until Brandy’s move in the summer of 2006. Thus, the facts which Wayne represented to the court for the confirmation of the judgment in June 2006, according to the trial court, amount to a substantive defect in the judgment and were a fraud or ill practice under Article 2004.
Pretermitting a complete review of this reconciliation of 2005-2006 as determined by the trial court, we find that the additional requirement for the timeliness of the action of nullity under Article 2004 is shown on the record to be lacking, defeating Brandy’s claim. Article 2004(B) provides a peremption of the action of nullity when suit is not “brought within one year of the discovery by the plaintiff ... of the fraud or ill practice.” This is a “peremption” for the action as revealed in the caption of the article itself and recognized in the jurisprudence. Burkett v. Property of Douglas, 575 So.2d 888 (La.App. 2d Cir.1991); Davis v. Sewerage and Water Bd. of New Orleans, 469 So.2d 1144 (La.App. 4th Cir.1985); La. C.C.P. art. 2004. The peremptory exception of per-emption “may be noticed either by the trial or appellate court on its own motion.” La. C.C.P. art. 927(B).
In this case, the facts reveal that Brandy’s final move of her belongings from Wayne’s residence in August 2006 was precipitated by her knowledge that Wayne obtained the divorce in June 2006. Brandy’s prior actions in executing her affidavits for the divorce proceeding reveal her | sknowledge of the divorce proceeding, and she admitted that Wayne informed her of the judgment in the summer of 2006. Nevertheless, with this knowledge of the divorce in 2006, Brandy did not institute the action for nullity until October 14, 2008. The one-year peremption for this nullity action therefore occurred. Accordingly, dismissal of this action for peremption applies.

Conclusion

For the foregoing reasons, we reverse the ruling of the trial court and dismiss plaintiffs action for nullity on the peremp *517 tory exception of peremption. Costs of appeal are assessed to appellee.
REVERSED.

. In contrast to Robinson and Wayne's testimony, Brandy testified that she signed the papers in 2004, not 2005. However, the trial court ruling accepted Robinson’s version.

. The separate nullity of judgment provision of La. C.C.P. art. 3953 applies to a judgment of divorce obtained under La. C.C. art. 102 and is not applicable to this dispute.