Judgment rendered August 14, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 52,846-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ANDREW JOSEPH CARIERE                    Plaintiff-Appellant

versus

THE KROGER STORE                         Defendant-Appellee

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 579,031

Honorable Ramon Lafitte, Judge

* * * * *

ANDREW JOSEPH CARIERE                    Plaintiff-Appellant, In
                                         Proper Person

THOMAS, SOILEAU, JACKSON,                Counsel for Defendants-
BAKER & COLE, L.L.P.                     Appellees, The Kroger
By: Steven E. Soileau                    Store and Michael
                                         Schmidt

* * * * *

Before WILLIAMS, PITMAN, and GARRETT, JJ.

**PITMAN, J.**

Plaintiff-Appellant Andrew Joseph Cariere appeals the trial court's granting of exceptions filed by Defendant-Appellee The Kroger Company ("Kroger").  For the following reasons, we affirm.

## FACTS

This case was previously before this court in *Cariere v. The Kroger Store*, 50,637 (La. App. 2 Cir. 11/16/16), 208 So. 3d 987.  This court provided the following facts of the case and procedural history:

> Andrew Cariere entered a Kroger grocery store in Shreveport, Louisiana, on August 22, 2013, and as he exited the store, he was detained by a store employee for allegedly shoplifting. . . . He was turned over to the police and arrested. Cariere was ultimately charged with theft-shoplifting in Shreveport City Court. . . . The record reflects that the charges were ultimately dismissed.
>
> As a result of this incident, Cariere filed suit against Kroger making claims of assault, battery, torture, defamation, false arrest, and false imprisonment. . . .  Subsequently, Kroger filed a motion for summary judgment on the grounds that Cariere could not prove the elements of battery, assault, torture, defamation, false arrest, and false imprisonment. . . . Cariere opposed Kroger's motion for summary judgment alleging several disputed material facts, which Kroger maintains contradicted his deposition testimony. A hearing was held on the motion, and Kroger's summary judgment was granted in part, denied in part. The trial court dismissed Cariere's claims of assault, torture, defamation, false arrest, and false imprisonment, but ruled that an issue of material fact existed regarding Cariere's battery claim.

This court affirmed the judgment of the trial court, finding that there were questions of material fact as to whether Kroger's employee's actions constituted reasonable force.  This court found there was no evidence that would indicate Kroger assaulted, tortured, falsely arrested, falsely imprisoned or defamed Cariere and that he failed to carry his burden to prevent the granting of summary judgment.

On February 22, 2017, a trial was held on Cariere's battery claim. The trial court granted Kroger's motion for involuntary dismissal. On April 6, 2017, the trial court signed a judgment dismissing with prejudice Cariere's claims against Kroger. It stated that Cariere failed to prove by a preponderance of the evidence that unreasonable force was used against him and that he failed to prove damages.

On April 12, 2017, Cariere filed a motion for new trial. He complained of intentional and conspiratorial actions by employees of the First Judicial District Court, the Shreveport Police Department, and by Kroger and its attorneys that resulted in the loss of his due process rights. A hearing on this motion was held on June 19, 2017, and the trial court denied his motion in open court.[1] On July 10, 2017, the trial court filed a judgment denying the motion for new trial.

On July 16, 2018, Cariere filed a petition to annul the February 22, 2017 judgment for fraud and ill practices. He alleged willful acts that caused him injury and breaches of good faith and fiduciary duties by officers of the court, public officials and employees of the City of Shreveport, the Shreveport Police Department, Kroger's employees and Kroger's attorneys. He stated that he raised these allegations in a separate lawsuit, i.e., Docket No. 607,091, and requested that the trial court allow the prosecution of the causes of action in his new lawsuit.

---

[1] Also taken up at this hearing was a motion to revoke Cariere's pauper status filed by Kroger's counsel, who alleged that Cariere's frivolous filings and requests for 30 subpoenas were an abuse of the judicial system. Noting that Cariere had filed 14 lawsuits, the trial court stated, "I am not going to revoke your status, but if you file anything close to what has happened here today, I will revoke it and order that you pay everything from day one including all those subpoenas that were just issued."

On July 23, 2018, Kroger filed exceptions of no right of action, no cause of action and prescription. It stated that Cariere had no right or cause of action because he filed his petition to annul under the same docket number as the judgment he complained of, i.e., Docket No. 579,031, rather than in a new and separate proceeding. Regarding the exception of prescription, Kroger stated that more than one year had passed since Cariere knew or should have known of the alleged fraud or ill practices.

On December 26, 2018, Cariere filed an opposition to Kroger's exceptions. He contended that his petition was not untimely because the judgment denying his motion for new trial was not mailed until July 13, 2017 at the earliest, and he filed his petition to annul on July 16, 2018. He stated that the deputy clerk of court should have noticed and corrected the error and assigned a new docket number to his petition to annul.

On January 7, 2019, a hearing was held on Kroger's exceptions. The trial court found that Cariere's petition was untimely and granted Kroger's exceptions.[2] It also signed a judgment maintaining and granting Kroger's exceptions, dismissing with prejudice Cariere's claims and assessing costs to Cariere.

Cariere appeals the January 7, 2019 judgment.

## DISCUSSION

*Timeliness of Petition to Annul*

In his first assignment of error, Cariere argues that the trial court erred in ruling that his petition to annul was untimely. He contends that the trial court incorrectly treated the date the judgment denying his motion for new

---

[2] The trial court also rejected a second request by Kroger's attorney to revoke Cariere's pauper status.

trial was mailed, i.e., July 12, 2017, as the starting of the one-year period to file the petition to annul. He states that it was not until after the February 22, 2017 trial that he discovered inconsistencies in the medical records of his physician who testified at trial. He contends that he filed his July 16, 2018 petition to annul within one year of discovering the inconsistencies and the actions of Kroger that formed the basis of his petition to annul.

Kroger argues that the trial court correctly granted the exceptions of no right of action and prescription. It contends that Cariere's claims based upon fraud and ill practices prescribed because more than one year had passed from the time he was aware of the claims to the time he filed the petition to annul.

A final judgment obtained by fraud or ill practices may be annulled. La. C.C.P. art. 2004(A). An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. La. C.C.P. art. 2004(B).

The burden of proof is on the party seeking the nullity to establish that the action was brought within one year of the discovery of fraud or ill practices. *Burkett v. Prop. of Douglas*, 575 So. 2d 888 (La. App. 2 Cir. 1991), *citing Gennuso v. State*, 339 So. 2d 335 (La. 1976). The one-year limitation of La. C.C.P. art. 2004(B) is considered a period of peremption rather than prescription. *See Burkett v. Prop. of Douglas*, *supra*.

Appellate review of the record following a hearing on exceptions is governed by manifest error when evidence has been introduced at the hearing. *Cooksey v. Heard, McElroy & Vestal, L.L.P.*, 44,761 (La. App. 2 Cir. 9/23/09), 21 So. 3d 1011.

4

In the case *sub judice*, the trial court did not err in granting Kroger's exception of prescription, although the time limitation in La. C.C.P. art. 2004(B) is a peremptive period, not a prescriptive one. The inquiry in this case is whether Cariere filed his July 16, 2018 petition to annul within one year of when he discovered the alleged fraud or ill practices. A review of the record demonstrates that he did not file the petition within one year of the alleged discovery. The facts forming the basis for Cariere's allegations occurred between 2014 and the February 22, 2017 trial on his battery claim. They were raised in letters to the trial court and Kroger and in his April 12, 2017 motion for new trial. Using the date of his motion for new trial as the very latest date that Cariere knew that he had a cause of action under La. C.C.P. art. 2004, his claims are clearly preempted. Therefore, the trial court did not commit manifest error in granting Kroger's exception of prescription.

Accordingly, this assignment of error lacks merit.

### *New Action*

In his second assignment of error, Cariere argues that the trial court erred in ruling that his petition filed in Docket No. 607,091 was not itself a timely petition to annul. Kroger argues that while the lawsuit in Docket No. 607,091 might be deemed a petition to annul, it is not before the court on appeal and has no bearing on whether the petition to annul in Docket No. 579,031 was filed properly or timely.

Any arguments made by Cariere about his claims asserted in Docket No. 607,091 are not properly before this court and will not be addressed by this court.

5

*Pauper Status and Sanctions*

Kroger argues that Cariere's pauper status should be revoked and/or that other sanctions should be imposed against him. It contends that Cariere has abused the integrity of the judicial process with his frivolous pleadings.

The trial court denied two requests made by Kroger's counsel to revoke Cariere's pauper status. Although we find that Cariere's filings are frivolous, we decline to interfere with the trial court's exercise of discretion on these rulings. We do note that, although declining to revoke Cariere's pauper status, the trial court did not relieve Cariere of the responsibility of payment of costs simply because he was granted pauper status, and it assessed all costs to him. Although not liable for the advancement of costs or as they accrue, an indigent party may ultimately be responsible for the cost of an unsuccessful lawsuit. La. C.C.P. arts. 5185–5188; *Matlock v. Gen. Motors Corp.*, 584 So. 2d 1190 (La. App. 2 Cir. 1991).

Accordingly, we order that Cariere pay all costs incurred on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's granting of exceptions filed by Defendant-Appellee The Kroger Company. Costs of this appeal are assessed to Plaintiff-Appellant Andrew Joseph Cariere, in accordance with La. C.C.P. art. 5188.

**AFFIRMED.**

6