GAUDIN, Judge.
This case is concerned with efforts of the City of Gretna to shut down an allegedly offensive adult bookstore on the West Bank Expressway. The district court issued a permanent injunction closing the shop as a public nuisance. The bookstore, owned by Russland Enterprises, Inc., and doing business as X-Press Books & Games and/or ABC Adult Video, appealed.
We affirm, finding (1) that the state statutes relied on by the city are not unconstitutional, either facially or as applied in this instance, and (2) that the denial of appellant's request for a continuance did not violate due process requirements.
The statutes in question, LSA-R.S. 13:4711 etc., give municipalities the right to request an injunction or an order of abatement. The injunctive procedure is outlined in Sec. 4713, which states:
§ 4713. Injunction proceedings; procedure
A. Application for injunctive relief afforded by this Section shall be by petition.
B. After a petition for an injunction has been filed, notice thereof shall be promptly served on the adverse party and a preliminary hearing shall be held within twenty-four hours from the time such notice is served. If, following the preliminary hearing, an independent judicial determination is made that there is probable cause to believe that maintenance of a nuisance, as defined in R.S. 13:4711, exists, an order granting a preliminary injunction may issue describing on its face in reasonable detail the conduct sought to be permanently enjoined.
C. Regardless of whether or not a preliminary injunction has been granted, an adversary hearing shall be held not less than five days nor more than ten days after the preliminary hearing,'or within such additional reasonable time to which the adverse party consents. The court shall render its judgment within forty-eight hours following the conclusion of the adversary hearing. If, following the adversary hearing, an independent judicial determination is made that maintenance of a nuisance, as defined in R.S. 13:4711, does in fact exist, an order granting a final injunction may issue describing on its face in reasonable detail the conduct permanently enjoined.
D. An order granting the preliminary or final injunctive relief afforded by this Section shall be effective against the parties enjoined, their officers, agents, representatives, employees, counsel or any other person or persons in active concert or participation with them, from the time actual knowledge of the order is received by personal service or otherwise.
*369 E. In all cases when the prohibited activity alleged is obscenity, no injunction shall be granted unless the court determines in a prior contradictory hearing that the conduct or activities alleged to be obscene are not protected by the constitutions of the United States or the state of Louisiana.
F. The defendant in the injunction proceedings may appeal to the court of competent jurisdiction an order granting a final injunction, but the appeal shall not stay the enforcement of the injunc-tive relief or an order of abatement granted in the order. Such appeal shall be perfected within five calendar days from the rendition of the order and shall be made returnable to the appropriate appellate court in not more than fifteen calendar days from the rendition of the order. The appeal shall be heard with the greatest possible expedition, giving the proceedings preference over all matters except other matters of the same character. The applicant for the injunction may appeal to the court of competent jurisdiction an order denying the final injunction or denying an order of abatement.
Here, Gretna filed a petition for injunc-tive relief and an order of abatement. A preliminary hearing was held on September 26, 1989, at which time the trial judge listened to the testimony of two witnesses, including Gretna Police Department detective Anthony Brown. Brown testified about various obscenity and prostitution arrests at the bookstore and about subsequent convictions. Following the hearing, the trial judge stated:
“The court finds that there is possible cause to believe a ... nuisance exists at the defendant’s premises at 4800 West Bank Expressway. And I order a preliminary injunction to be issued enjoining the defendants from conducting, carrying on or permitting any acts of prostitution or obscenity on the premises ...”
The bookstore’s corporate president, Brian Ledet, and its attorney, Joseph Meyer Jr., were present at the preliminary hearing. The permanent injunction hearing was scheduled in open court for October 5th. Neither Mr. Ledet nor Mr. Meyer objected to this date; however, on October 4th, Mr. Meyer filed a motion for a continuance because of a conflicting first degree murder trial in Orleans Parish. The motion was denied.
The case was called on October 5th with Mr. Meyer absent. From the bench, the trial judge said:
“Let me say for the record, Mr. Joseph Meyer filed a motion yesterday morning on behalf of the defendant requesting a continuance in this case based on the fact that he expected to start a first degree murder trial in Criminal District Court in Orleans Parish. I pointed out to Mr. Meyer that this case was set last week in open court; it was set with his approval. He checked his docket and advised the Court that today was a good day for him to try this case. We could have tried it yesterday, the day before, any other day. Mr. Meyer selected Thursday which is the tenth day after granting the preliminary injunction. I told Mr. Meyer we would start this case to accommodate him first. It would be first on the Court’s docket. I didn’t expect it to be long and he could leave here and go to criminal court and begin his trial. He elected not to do so.
“I told him under all circumstances we would try the case today. He filed a motion for dilatory exception and without merit and I told him I was going to deny the motion for continuance and try this case this morning. And I am prepared to do that if the City of Gretna is prepared.
“I also called Mr. Meyer’s office this morning and advised him that this case is going to go forward. He’s not here, so we’re going to go forward with the case.”
The city then called Detective Brown, who said that since the preliminary injunc-. tion was issued, there had been numerous obscenity arrests at the bookstore. Brown also testified that he had been physically beaten at the bookstore and that his pistol had been taken from him by two bookstore *370 employees. “We had,” Brown said, “a serious fight.”
It appears, from Brown's testimony, that only the arrival and intervention of backup police officers prevented Brown from being badly hurt. The two bookstore employees were arrested.
We shall now consider, in order, appellant’s two assignments of district court error, beginning with the contention that the public nuisance statutes violate state and federal constitutions.
At one point in time, the wording of the statute was found to be unconstitutionally vague. See Connick v. Lucky Pierre’s, 331 So.2d 431 (La.1976). However, the state legislature subsequently made changes to correct the defects enunciated in Connick. The argument is made by the instant appellant that the statute places property rights at serious risk based on the acts of third parties over which the premises-owner has no control.
Sec. 4711 prohibits the maintenance of a public nuisance. The maintenance of a nuisance, as described in subsection A(l) of 4711, means to conduct, carry on or knowingly permit to exist on one’s premises a prohibited activity, such as prostitution or obscenity as defined by the state’s criminal laws.
The record strongly suggests that bookstore employees knowingly permitted illegal activity. We cannot say this (or any other) statute is unconstitutional because it requires reasonable affirmative action by the premises-owner once illegal acts are obvious and are in fact observed. Persons of common intelligence do not have to guess at the present statute’s intent. Anyone committing a criminal act must be asked to stop or be evicted, with police assistance if necessary.
A statute satisfies constitutional requirements if it gives a man or woman of ordinary intellect fair notice of (1) what conduct is criminal and (2) what is expected of the premises-owner once criminal activity is discovered. We are unaware of any jurisprudence, from this state or elsewhere, indicating that the current wording of these statutes do not measure up to constitutional standards. The wording is straightforward and is not constitutionally offensive in spite of the built-in quickness of the adversary hearing.
The motion for a continuance was filed on October 4th, the day before the final hearing. At first glance, it would seem that this continuance request was valid inasmuch as the Jefferson Parish trial judge was asked to postpone his hearing because it was in conflict with a first degree murder case. However, as the trial judge noted, the hearing date was set in open court with Mr. Meyer present. The bookstore’s attorney neither objected then nor did he move for a delay until the day before the scheduled October 5th hearing.
The city argues that the motion to continue was not filed in good faith. First degree murder trial dates are set well in advance; thus, the city contends, Mr. Meyer either knew of the conflict on September 26th, when the permanent injunction hearing date was set in open court, or else he became aware of the conflict very shortly thereafter, certainly well before October 5th.
There is nothing in the record suggesting that the bookstore’s president or anyone else would be called as a witness by appellant on October 5th. No witnesses were called by the bookstore at the earlier hearing and none was subpoenaed for October 5th. In any event, the trial judge was not advised of any testimony or other evidence the bookstore planned to submit in defense of the closure proceeding.
It is well settled in Louisiana that the granting or denial of a continuance rests within the sound and broad discretion of the trial judge. District court decisions are not overturned absent a clear showing of abuse. The trial judge here, considering the circumstances, did not abuse his discretion.
The bookstore is to bear costs of this appeal.
AFFIRMED