672 So.2d 1160 (1996)
INTERNATIONAL RIVER CENTER
v.
HENRY C. BECK COMPANY, et al.
No. 95-C-1396.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1996.
Paul L. Peyronnin, Ronald J. White, Phelps Dunbar, L.L.P., New Orleans, for Plaintiff.
Howard L. Murphy, Victor J. Franckiewicz, Jr., Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, for Defendants.
W.P. Wray, Jr., Chris P. Pierce, Wray & Kracht, L.L.P., Baton Rouge, for Amicus Curiae.
Jack M. Alltmont, Sessions & Fishman, New Orleans, for Standard Roofing Co. of New Orleans, Inc.
Before CIACCIO, ARMSTRONG and JONES, JJ.

ON REMAND FROM THE SUPREME COURT OF LOUISIANA
JONES, Judge.
In October 1985, the International Rivercenter (IRC) sued Henry C. Beck Company (Beck) and Johns-Manville Sales Corporation (Johns-Manville) for damage to the Hilton Hotel allegedly caused by a leaking roof. Beck purchased the roof from Johns-Manville and installed the roof in 1977. In December 1984, odors were detected in certain hotel rooms. The odors were allegedly caused by mold and mildew resulting from water infiltration through the roofing system. Service of this petition was withheld. In April 1989, IRC filed an amending and supplemental petition that added Beck's sureties as defendants and that alleged additional damages.
In January 1995, Beck and its sureties filed exceptions of peremption and no right/no cause of action. They argued that IRC's claim was barred by the ten-year peremption period of La.R.S. 9:2772 because service of the original petition was made more than ten years after IRC filed its acceptance of the contract, which occurred in *1161 August 1977, in the mortgage records. They additionally argued that the supplemental and amending petition was barred because it had been filed after peremption accrued and because the damages asserted in that petition had been discovered after the running of the ten-year peremption period.
IRC argued that its suit was timely because the original petition was filed within the ten-year peremption period and because the supplemental and amending petition related back to the filing of the original petition.
The trial court ruled that the original petition was not barred by peremption; but, it partially granted the exception of peremption by ruling that the supplemental and amending petition did not relate back because that would frustrate the purpose behind La.R.S. 9:2772.

DISCUSSION
IRC argues that its supplemental and amending petition should be allowed to relate back to the filing of the original petition because it arises out of the same conduct or occurrence.
At the outset, it should be noted that there is no exception of peremption. See La.C.C.P. art. 927. In Davis v. Sewerage and Water Bd., 469 So.2d 1144 (La.App. 4th Cir.1985), this court held that the proper procedural device for raising the issue of peremption was an exception of no cause of action. Thus, the exception filed by Beck and its sureties should be considered an exception of no cause of action. This leads to the question of whether the trial court's partial granting of the exception is within this court's supervisory jurisdiction. In Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993), the Supreme Court stated that a judgment partially granting an exception of no cause of action was an interlocutory judgment that was not appealable, in the absence of irreparable injury, because La. C.C.P. art. 1915 did not authorize partial final judgments on exceptions of no cause of action. Hence, this case falls within the court's supervisory jurisdiction.
La.C.C.P. art. 1153 provides that when an action asserted in an amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading. In Southside Civic Ass'n v. Warrington, 635 So.2d 721 (La.App. 1st Cir.1994), writ denied 639 So.2d 1168 (La. 1994), the First Circuit held that the "relation back" theory applied to claims governed by a peremptive period. In Meadoux v. Hall, 369 So.2d 240 (La.App. 4th Cir.1979), writ denied 369 So.2d 1366 (La.1979), this court stated that although a peremptive period could not be suspended, a later-filed petition by the same party in a different capacity should be allowed to relate back especially when the defendant is fully apprised of the nature of the action against him.
Consequently, we find that the trial court erred in partially granting the exception. The claim asserted in the amended petition arose out of the same fact situation as the original petition, and it should not be barred by peremption. Accordingly, the writ is granted, and the trial court's judgment reversed.
WRIT GRANTED