727 So.2d 1223 (1999)
RUSSLAND ENTERPRISES, INC. and Bryan Ledet
v.
The CITY OF GRETNA, et al.
No. 98-CA-676.
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
Rehearing Denied March 3, 1999.
*1225 Jack H. Tobias, Metairie, Attorney for Appellant.
Thomas P. Anzelmo, Metairie, Attorney for Appellees.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
Russland Enterprises, Inc. and Bryan Ledet appeal the trial court's dismissal of their supplemental and amending petition on a determination that their cause of action to annul a judgment in another case has prescribed. We affirm, finding the result is correct.
This lawsuit arises out of the City of Gretna's closure of an adult bookstore owned by Russland Enterprises. (Appellant Bryan Ledet apparently is a principal of Russland Enterprises, Inc., although that information is not in the record before us on appeal.) On September 25, 1989 the City filed a petition for injunctive relief and abatement pursuant to La. R.S. 13:4711 et seq., alleging the following grounds: that Russland had permitted prohibited activities on its premises, including but not limited to acts of obscenity; that Russland had violated the provisions of La. R.S. 14:106 (the crime of obscenity); and that Russland "made a confession of guilt to said charge." City of Gretna v. Russland Enterprises, Inc., No. 387-944 (24th Judicial District Court, Parish of Jefferson).
On October 5, 1989 the court granted a permanent injunction and issued an order of abatement against Russland. The judgment was affirmed on appeal. City of Gretna v. Russland Enterprises, Inc., 90-161 (La.App. 5 Cir. 6/25/90), 564 So.2d 367, writ denied 90-1689 (La.11/9/90), 568 So.2d 1078.
On September 28, 1990 Russland Enterprises and Brian Ledet filed suit against the City of Gretna, the Gretna Police Department, the Gretna police chief, and various Gretna police officers. Russland Enterprises, Inc. and Bryan Ledet v. The City of Gretna, et al., No. 406-645 (24th Judicial District Court, Parish of Jefferson). Plaintiffs sought damages for violation of their constitutional rights and for personal and property damage.
On the same day, the plaintiffs filed a complaint in federal district court making the same allegations. Russland Enterprises, Inc. v. City of Gretna, No. 90-3936, consolidated with Dufrene v. City of Gretna, No. 90-3915, 1992 WL 300779, and McClendon v. City of Gretna, No. 3960 (U.S.D.C., E.D.La). Defendants filed an exception of lis pendens in the state court. The state district court maintained the exception and stayed the state proceedings pending resolution of the federal court proceedings.
On October 5, 1992, the federal court rendered judgments dismissing the claims on various grounds. Russland Enterprises, Inc. v. City of Gretna, No. 90-3936, rendered sub nom. Dufrene v. City of Gretna, 90-3915, 90-3936, 90-3960 (E.D.La.10/5/92), 1992 WL 300779. On March 31, 1994 the U.S. Fifth Circuit affirmed the judgment without a reported opinion. Dufrene v. City of Gretna, 20 F.3d 469 (5th Cir.1994).
On July 26, 1994 plaintiffs filed a supplemental and amending petition in their state proceeding (Russland Enterprises, Inc. v. The City of Gretna, No. 406-645), alleging that the order issued on October 5, 1989 in City of Gretna v. Russland Enterprises, Inc., No. 387-944, should be annulled because "it was based upon a defective pleading that contained allegations that were untrue and evidence that was untrue."
Defendants filed an exception of prescription, asserting that the supplemental and amending petition was untimely because it sought annulment of a judgment, but was filed more than one year after the date of discovery of the alleged "fraud or ill practices." (Defendants also filed exceptions of no cause of action, res judicata, and lack of subject matter jurisdiction, which are not before us on this appeal.)
On March 25, 1998, the trial court rendered judgment maintaining the exception of *1226 prescription as to the nullity action and dismissing the supplemental and amended petition. In oral reasons for judgment the court stated, in pertinent part:
The nullity action was not brought for some period of time. In other words it was a totally separate cause of action that was brought into this Court in the First Supplemental Petition, which was in excess of a year after the time of the nullity action.... And I find that as far as your cause of action for nullity here, it has prescribed and I'm going to maintain the exception.
That ruling is the subject of this appeal by plaintiffs.

BRYAN LEDET
First, pursuant to La.Code Civ. P. Art. 927(B), on our own motion we notice that Bryan Ledet has no right of action to annul the judgment in question. He was not a party to the judgment nor was he named in the City of Gretna's petition for injunction and order of abatement. Accordingly, dismissal of Ledet's claim raised in the supplemental and amending petition was proper, although it should have been for no right of action rather than prescription.

RUSSLAND ENTERPRISES, INC.
A final judgment obtained by fraud or ill practices may be annulled, but an action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. La.Code Civ. P. Art.2004.

Form of Action
We note that the petition to annul the judgment in City of Gretna v. Russland Enterprises was brought by means of a supplemental and amending petition in Russland Enterprises v. City of Gretna. We question whether that is an appropriate manner of annulling a judgment. An action under La. Code Civ. P. Art.2004 may not be brought by collateral attack (i.e., an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it), but must be by direct action (i.e., in a proceeding brought for the express purpose of annulling the judgment). Nethken v. Nethken, 307 So.2d 563, 565 (La.1975). "By a direct action is meant that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits." Id.
Here, the action for nullity not only was brought by amendment to another petition, but also the record does not indicate that the opposing parties were cited to appear. However, because no objection was made to the procedure employed, any error in this regard is considered waived. Johnson v. Jones-Journet, 320 So.2d 533, 538 n. 4 (La.1975).

Form of Exception
We note, further, that defendants employed the wrong exception to challenge the filing of the nullity claim. The one year limitation of La.Code Civ. P. Art.2004 is considered a period of peremption rather than prescription. Burkett v. Property of Douglas, 575 So.2d 888, 892 (La.App. 2 Cir.1991); Civello v. Johnson, 567 So.2d 643 (La.App. 4 Cir.1990), writ denied, 569 So.2d 987 (La. 1990); Davis v. Sewerage and Water Board of New Orleans, 469 So.2d 1144 (La.App. 4 Cir.1985).
Statutes of peremption do not merely bar the remedy; they destroy the cause of action itself. Thus, after the limit of time expires the cause of action is lost and no longer exists. Estate of Williams v. Louisiana Office of Risk Management, 93-795 (La. App. 3 Cir. 3/2/94), 634 So.2d 1260, 1263, writ denied, 94-0793 (La.5/6/94), 637 So.2d 1054.
Thus, the proper procedural device for raising the issue of peremption is an exception of no cause of action rather than prescription. Davis v. Sewerage and Water Bd., 469 So.2d 1144 (La.App. 4th Cir.1985). See also, International River Center v. Henry C. Beck Co., 95-1396 (La.App. 4 Cir. 4/10/96), 672 So.2d 1160, 1161; Poree v. Elite Elevator Services, Inc., 94-2575 (La.App. 4 Cir. 11/16/95), 665 So.2d 133, 136; Dowell v. Hollingsworth, 94-0171 (La.App. 1 Cir. 12/22/94), 649 So.2d 65, writ denied, 95-0573 *1227 (La.4/21/95), 653 So.2d 572; Comment, Legal Rights and the Passage of Time, 41 La. L.Rev. 220 (1980). The court of appeal may supply an exception of no cause of action on its own motion. La.Code Civ. P. Art. 927. Accordingly, we construe appellees' exception of prescription as an exception of no cause of action.

Was the Nullity Action Perempted?
Russland's action for nullity, although based on allegations in the petition and evidence in the trial in City of Gretna v. Russland Enterprises, No. 387-944, was filed more than four years after the proceedings in that matter became final. Russland contends, however, that the allegations in the supplemental and amending petition arise out of the same incident as the allegations in the original petition, so the supplemental and amending petition relates back to the timely filing of the original petition.
La.Code Civ. P. Art. 1153 provides that an amended petition or answer relates back to the date of filing the original pleading when the action or defense asserted in the amendment arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. The question before us is whether the assertion of nullity of the judgment in the City of Gretna's suit for abatement of a nuisance relates back to the events alleged in Russland's suit for violation of its constitutional rights and personal injury.
"Art. 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim arises." Gunter v. Plauche, 439 So.2d 437, 440 (La.1983). "Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, amendment should be allowed." Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272, 1275 (La. 1980).
The Code of Civil Procedure abolished the "theory of the case" restriction on pleadings. Cox v. W.M. Heroman and Company, 298 So.2d 848, 855 (La.1974). Article 1153 requires only that the amending petition's thrust factually relate to the conduct, transaction or occurrence originally alleged. Gunter v. Plauche, supra, at 440.
It is well settled that a plaintiff may amend a petition, despite prescriptive bars, when the original pleading gives fair notice of the fact situation out of which the amended claim arises. * * * Where the pleadings reveal some factual connexity between the original and the amended assertions and contain sufficient allegations to afford fair notice to the adverse party of the relief sought, amendments should be allowed. * * * The out of time amendments need only be based on or factually relate to the conduct or occurrence already alleged.
Southside Civic Ass'n, Inc. v. Warrington, 93 0890 (La.App. 1 Cir. 4/8/94), 635 So.2d 721, 723-724, writ denied, 94-1219 (La.7/1/94), 639 So.2d 1168.
In their original petition in this lawsuit plaintiffs alleged that on or about September 30, 1989 and October 1, 1989, the police chief intentionally sought to destroy Russland's "assets, business and property through a pattern of force, intimidation and abuse of his authority," that he conspired with his police officers "to arrest, beat and intimidate" Russland's employees, and that "through a pattern and practice of abuse, threats and violence he did cause Russland's property to be devalued and business to close." Plaintiffs asserted that the City of Gretna, through the police chief and other officers, "did wrongfully and illegally seize the property and assets of [plaintiffs]," which plaintiffs alleged was "outside the terms expressed in the order of the Court and constitutes an illegal seizure of [plaintiffs'] assets." The petition listed specific acts by the police chief and other officers in "arresting, transporting, intimidating, assaulting or battering" the store employees and customers, which were alleged to be unjustified and a conspiracy to deny plaintiffs' rights.
In the supplemental and amending petition plaintiffs alleged that the order of abatement issued on October 5, 1989 in City of Gretna v. Russland Enterprises, Inc., No. 387-944, was *1228 "patently defective" and should be annulled because it was based upon "a defective pleading that contained allegations that were untrue, and based on evidence of events that did not happen."
Specifically, plaintiffs asserted the petition was defective in that it stated that Russland had "violated, by various acts, the provisions of R.S. 14:106, namely the crime of obscenity," and that Russland had "made a confession of guilt to said charge, "but that allegation was "patently false." Rather, plaintiffs alleged, "Russland confessed to guilt under Article 14:106.1[,] a separate act and relating to promoting obscene devices. There is no provision under the law for allowing an abatement proceeding for promoting such `devices.'" Further, they asserted:
The allegations contained in the Abatement Petition as to allowing maintenance of obscene acts and prohibited activities are not defined as are required. Russland closed the areas of the book store that Gretna contended remained open to the public. Despite the fact that the areas were closed, and individuals could not have been arrested where the officers contended plaintiff's [sic]
Additionally, the nuisance claim constituted double jeopardy, a violation of the U.S. and Louisiana Constitutions. The defendants herein could have charged the acts and omissions that are alleged in the criminal case 24th JDC 88-2168 Division "N" which was pending at the time the abatement proceeding was filed. Since the abatement proceeding was punative [sic] in nature and references the criminal matter[,][t]he punishment in 88-2168 precluded additional Civil punishment.
These allegations do not "factually relate to the conduct, transaction or occurrence originally alleged." Gunter v. Plauche, supra. Rather, they relate factually to actions by defendants that are separate and apart from the actions on which plaintiffs' original petition is based. That is, the supplemental and amending petition is based on the allegations made by defendants in their petition for injunction and abatement, while the original petition is based not on allegations by the defendants, but on actions of the defendants. The original petition did not give "fair notice of the facts out of which the amended claim arose," Gunter, supra, and therefore it cannot relate back to the time of filing the original petition.

Grounds
When an action has already been disposed of on appeal, as here, La.Code Civ. P. Art. 2005 establishes the exclusive grounds available to a litigant in a subsequent suit for nullity. Meldean's, Inc. v. Rivers, 410 So.2d 837, 839 (La.App. 3 Cir.1982). Article 2005 provides as follows:
A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
An action of nullity does not affect the right to appeal.
On appeal in City of Gretna v. Russland, Russland argued that the statutes on which the City relied were unconstitutional and that the trial court's denial of Russland's request for a continuance violated due process requirements. Finding no merit to those claims, this Court upheld the injunction and order of abatement. City of Gretna v. Russland Enterprises, Inc., 564 So.2d 367 (La. App. 5 Cir.1990), writ denied 568 So.2d 1078 (La.1990). We noted the injunction was predicated on police testimony about various obscenity and prostitution arrests at the bookstore and about subsequent convictions. Id. at 369-370.
"The action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim which was previously denied for failure of proof. The purpose of the action is to prevent injustice which cannot be corrected through new trials and appeals." Gladstone v. American Auto. Ass'n, Inc., 419 So.2d 1219, 1222 (La.1982). The proper procedure to remedy a failure of proof is through a motion for a new trial and/or an appeal. Clulee v. Louisiana Materials *1229 Co., Inc., 590 So.2d 780, 784 (La.App. 5 Cir.1991).
Here, the allegations of the supplemental and amended petition "do not even suggest a cause of action for nullity; rather the petition alleges facts which, if proved, might have provided the basis for a timely defense against the original claim." Southern Wheel & Rim Service, Inc. v. Champion Machine Works, Inc., 283 So.2d 328, 330 (La.App. 4 Cir.1973). Accordingly, they must fail as a cause of action in nullity.
For the foregoing reasons, the judgment is affirmed. Costs are assessed against appellants.
AFFIRMED.