770 So.2d 458 (2000)
Benjamin AZAR-O'BANNON
v.
Robert F. AZAR.
No. 2000-CA-0101.
Court of Appeal of Louisiana, Fourth Circuit.
September 27, 2000.
Writ Denied January 12, 2001.
*459 Raleigh L. Ohlmeyer, Jr., New Orleans, LA, Counsel for Plaintiff/Appellant.
Mickey P. Landry, Frank J. Swarr, Landry & Swarr, L.L.C., New Orleans, LA, Counsel for Defendant/Appellee.
Robert G. Creely, Amato & Creely, Gretna, LA, Counsel for Defendant/Appellee.
*460 Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge Pro Tem. PATRICK M. SCHOTT.
PATRICK M. SCHOTT, Judge Pro Tem.
This is an action of nullity as to a judgment dismissing a paternity action filed by plaintiff's mother against defendant, Robert F. Azar. That judgment became final in 1983. Plaintiff, now nineteen years of age seeks to re-litigate the issue of defendant's paternity which was decided in the earlier litigation. The trial court sustained exception of res judicata and no cause of action and dismissed the present action of nullity. Plaintiff has appealed. The principal issue is whether the one year prescription governing an action of nullity under LSA-C.C.P. Art. 2004 began to run in 1987 when plaintiffs mother discovered defendant's alleged fraud or ill practices.
In October 1980, Soula O'Bannon, plaintiff's mother, filed a paternity suit alleging that defendant was her son's biological father. The trial court found Ms. O'Bannon had not sustained her burden of proof and dismissed the suit. In reaching this decision, the trial court considered the expert testimony of Dr. Andrew Hegre, who testified that the red blood cell typing showed an approximately 68% probability of paternity but the immunoglobin testing disclosed exclusion factors which indicated that defendant could not have fathered Ms. O'Bannon's child.
On appeal Ms. O'Bannon argued that the trial court had erred in not allowing the expert testimony of Dr. Herbert Polesky, another expert retained by defendant who performed immunoglobin tests and would have testified that Dr. Hegre's immunoglobin test results were erroneous. Ms. O'Bannon sought to introduce this testimony after the trial had ended but prior to the court's rendition of its judgment, but the trial court refused to re-open the case. Affirming the trial court's judgment, this Court held the trial judge did not abuse his discretion by not re-opening the case for the additional evidence where there was sufficient opportunity for Dr. Polesky to conduct tests and testify at the trial. This Court also stated that it did not believe Dr. Polesky's testimony would have been sufficient to change the result of the trial. See O'Bannon v. Azar, 435 So.2d 1144 (La.App. 4th Cir.), writ denied, 441 So.2d 749 (La.1983), cert. denied, O'Bannon v. Azar, 466 U.S. 928, 104 S.Ct. 1710, 80 L.Ed. 183 (1984).
Although Ms. O'Bannon was unsuccessful in establishing paternity, in January 1985, Ethyl O'Bannon, plaintiffs legal tutor, filed suit on behalf of plaintiff against defendant in East Baton Rouge Parish, seeking to establish paternity and requesting child support. Defendant responded with an exception of res judicata which the trial judge sustained and dismissed the suit. On appeal, the tutor argued there was no identity of the parties as plaintiff was not a party to the first suit and therefore, the trial judge erred in sustaining the exception. Affirming this judgment, the First Circuit Court of Appeal held that even though Ms. O'Bannon had failed to allege in her petition that she was appearing as the child's representative, she so vigorously prosecuted the child's right to establish filiation that she, in fact and law, represented the child so as to establish the identity of the child as a party in that suit. Consequently, re-litigation in the second suit brought by the tutor was barred by the exception of res judicata. See O'Bannon for O'Bannon v. Azar, 506 So.2d 522 (La.App. 1st Cir.), writ denied, 511 So.2d 1158 (La.1987).
Having attained the age of majority, plaintiff has now filed the present suit to annul the 1980 judgment and to establish defendant's paternity. He alleged that defendant knowingly withheld evidence in the first suit in that he knew that Dr. Polesky's testimony and test findings directly conflicted with Dr. Hegre's but he withheld this information from the trial court. He further alleged that this constituted fraud and ill practices so as to support an action of nullity pursuant to LSA-C.C.P. *461 Art. 2004. He also alleged that the 1980 judgment was an absolute nullity pursuant to LSA-Art. 2002. Defendant filed exceptions of no cause of action and res judicata which the trial court sustained dismissing the suit. In this Court plaintiff argues that the judgment was erroneous as a matter of law.
We first consider plaintiff's argument based upon LSA-C.C.P. Art. 2004 which provides:
A final judgment obtained by fraud or ill practice may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practice.
The one year limitation of LSA-C. C.P. Art. 2004 is considered a period of peremption rather than prescription. Russland Enterprises, Inc. v. City of Gretna, 98-676 (La.App. 5 Cir. 1/26/99), 727 So.2d 1223, writ denied,99-0980 (La.5/28/99), 743 So.2d 669; Civello v. Johnson, 567 So.2d 643 (La.App. 4 Cir.), writ denied, 569 So.2d 987 (La.1990). Statutes of peremption do not merely bar the remedy, they destroy the cause of action itself. Thus, after the time limit expires the cause of action is lost and no longer exists. Russland Enterprises, Inc. v. City of Gretna, 727 So.2d at 1226; Estate of Williams v. Louisiana Office of Risk Management, 93-795 (La.App. 3 Cir. 3/2/94), 634 So.2d 1260, 1263, writ denied, 94-0793 (La.5/6/94), 637 So.2d 1054. The proper procedural device for raising the issue of peremption is an exception of no cause of action rather than prescription. International River Center v. Henry C. Beck Co., 95-1396 (La.App. 4 Cir. 4/10/96), 672 So.2d 1160, 1161, writ denied, 96-1185 (La.6/21/96), 675 So.2d 1083.
LSA-Art. 2004 provides that an action of nullity on the basis of fraud or ill practice must be filed within one year of the discovery by the plaintiff of the fraud. In his petition, plaintiff alleged that his mother discovered defendant's fraud in 1987. Consequently, Ms. O'Bannon, individually or on behalf of her son, had one year from the discovery date to file a suit to annul the judgment dismissing the paternity suit. Since she failed to do so, any cause of action she might have had individually or on his behalf to annul the judgment under LSA-C.C.P. Art. 2004 was lost.
Plaintiff argues that prescription was suspended during his minority pursuant to LSA-C.C. Art. 3469 and that defendant's actions constituted a continuous tort preventing the running of prescription. However, LSA-C.C.P. Art. 2004 is a statute of peremption and not prescription. Thus, the trial court correctly sustained defendant's exception of no cause of action.
We next consider plaintiff's arguments based upon C.C.P. Art. 2002, which in pertinent part provides.
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
* * * * * *
(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
Plaintiff first argues that the 1980 judgment against his mother was a judgment rendered against him, a minor and incompetent person not represented as required by law. The First Circuit in O'Bannon for O'Bannon v. Azar, 506 So.2d 522 (La.App. 1st Cir.), writ denied, 511 So.2d 1158 (La.1987) specifically addressed the issue of whether Ms. O'Bannon legally represented her son in the 1980 paternity suit and held that she did. The Court then stated:
When it is clear from the petition taken as a whole that the suit is being brought in a representative capacity, the fact *462 that a plaintiff may fail to proclaim that capacity should not necessarily be dispositive. When, as is true in this case, a child's right to establish filiation has been vigorously prosecuted by his mother from trial to court of last resort, her failure to note on the petition that she is the child's representative should not destroy the binding effect of the resultant judgment. Accordingly we hold that the mother represented the child in the suit filed in Orleans Parish. This position is consistent with the rule that the pleadings should be construed to do substantial justice. LSA-C.C.P. art. 865. [Footnote omitted]
506 So.2d at 526. Thus, plaintiff's argument that he was not legally represented in the first suit is meritless.
Plaintiff next argues the 1982 judgment is an absolute nullity because Orleans Parish Civil District Court lacked subject matter jurisdiction. He bases this argument on the facts that his mother never qualified as his tutrix and Orleans Parish was an improper venue as to him. The First Circuit also disposed of the issue of whether Ms. O'Bannon should have been required to qualify as her son's tutor in order to obtain a binding judgment. The Court found that because defendant had never raised exceptions as to Ms. O'Bannon's procedural capacity or her right to sue, he waived his right to assert these attacks and, therefore, Orleans Parish Civil District Court was correct in presuming she had the procedural capacity to sue to establish her son's filiation. See O'Bannon for O'Bannon v. Azar, 506 So.2d at 526-527. Because the Court concluded it was not a legal prerequisite for Ms. O'Bannon to qualify as her son's tutor to bring the paternity suit, plaintiff cannot now complain that the trial court lacked subject matter jurisdiction because his mother had never qualified as his tutor in his domicile of East Baton Rouge Parish. Thus, we have concluded that plaintiff's arguments based upon LSA-C.C.P. Art. 2002 are likewise without merit.
The exception of res judicata applies when there is identity in the two suits as to the thing demanded, the demand is founded on the same cause of action and the demand is between the same parties. Cuccia v. Jefferson Parish School Board, 92-783 (La.App. 5 Cir. 2/10/93), 613 So.2d 1141.
The issue of identity of the parties was settled in O'Bannon for O'Bannon v. Azar, 506 So.2d 522 (La.App. 1st Cir.), writ denied, 511 So.2d 1158 (La.1987). In addition, plaintiff's cause of action and demand in the present suit are identical to those asserted by Ms. O'Bannon in her 1980 suit. Therefore, the trial court did not err in sustaining defendant's exception of res judicata.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.