BROWN, Chief Judge.
1 plaintiffs, James and Robert Wright, together with their sister, Linda Larson, were principal beneficiaries of a trust set up by their elderly parents.[1] Named as defendants were Linda, who served as co-trustee, Argent Financial Group, Inc., the successor in interest to the original corporate co-trustee, and David Kyle McDonald, an officer/employee of the corporate co-trustee. McDonald, who was added more than three years after the institution of the action, filed an exception of prescription. The trial court granted this exception and dismissed plaintiffs’ claims against McDonald. While plaintiffs’ appeal was pending, McDonald filed an exception of no cause of action.[2] For the reasons set forth *204 below, we affirm the trial court’s judgment.

Facts and Procedural History

On April 29, 1983, Robert E. Wright, Sr., and his wife, Estelle C. Wright, established a trust, naming themselves as the income and principal beneficiaries and their three children, James, Robert Jr., and Linda, were also listed as principal beneficiaries. Named as co-trustees were Linda and The Trust Company of Louisiana. The Trust Company of Louisiana is a former trade name of Argent Financial Group, Inc. Argent assumed all liabilities of The Trust Company as its successor in interest.
| ¡.Estelle Wright died on August 28, 1988; at that time, the trust, by its terms, became irrevocable. According to plaintiffs, as of December 31, 1988, the trust balance exceeded $200,000. On May 14, 1993, Linda requested that The Trust Company distribute all remaining funds and assets (the trust balance at that time was approximately $5,000) to Robert Sr. A final accounting for the fiscal year ending July 31, 1993, was provided to Robert Sr. and Linda.
Robert Sr. died on January 6, 2002. On October 28, 2002, plaintiffs, James David Wright and Robert E. Wright, Jr., filed suit against defendants, Linda Wright Gore Larson, the Estate of Robert E. Wright, Sr., and Argent Financial Group, Inc., f/k/a The Trust Company of Louisiana, asserting claims for breach of fiduciary duty, misconduct, errors, omissions, and other intentional wrongdoing. A second supplemental and amending petition was filed on December 15, 2005, adding as defendant David Kyle McDonald.
Plaintiffs have alleged that, from January 1, 1989, through May 1993, their father, Robert Sr., and their sister, Linda, with the participation of the co-trustee, The Trust Company of Louisiana/Argent Financial Group, Inc., diverted assets from the trust and disposed of trust property and assets without the knowledge or consent of plaintiffs. This reversion of assets and depletion of trust property, contend plaintiffs, occurred in violation of the specific, explicit terms of the trust.
Until his death, plaintiffs contend, Robert Sr. and Linda conspired to intentionally and deliberately withhold information about the trust from them. As for The Trust Company/Argent Financial Group, Inc, plaintiffs 13take issue with the fact that they were not provided an accounting until after their father’s death on January 6, 2002.
In the amending petition, plaintiffs alleged that: (1) McDonald was a trust officer of the co-trustee; (2) McDonald was president of The Trust Company of Louisiana during the time that this company served as co-trustee of the Wright Trust; (3) McDonald currently serves as president of National Independent Trust Company and as an employee of Argent Financial Group, Inc., the holding company which owns National Independent, the successor of The Trust Company of Louisiana; (4) in all of these capacities, McDonald had discretionary authority over matters pertaining to the administration and management of the Wright Trust; (5) McDonald breached fiduciary duties owed to plaintiffs as principal beneficiaries of the Wright Trust; and (6) McDonald committed acts of negligence in the management and administration of the Wright Trust. On February 21, 2006, plaintiffs *205 filed a third supplemental and amending petition, alleging that McDonald committed fraud by intentionally withholding from plaintiffs the annual and final accountings which he knew they were entitled to as principal beneficiaries.
On January 31, 2006, McDonald filed an exception of prescription. A hearing was held by the trial court on March 23, 2006. The trial court sustained the exception by oral ruling on April 20, 2006. A judgment of dismissal was signed on May 9, 2006. Thereafter, a hearing on a motion for new trial filed by plaintiffs on May 17, 2006, was held on May 30, 2006. Plaintiffs’ motion for new trial (on defendant McDonald’s exception of ^prescription) was denied and judgment dismissing their suit against McDonald was maintained. It is from this judgment that plaintiffs have appealed.

Discussion

Plaintiffs’ first assignment of error is that the trial court erred in finding that their action against McDonald for acts, omissions, and breaches of fiduciary duty had prescribed pursuant to La. R.S. 9:2234. In support of their argument, plaintiffs urge the applicability of the two-year period set forth in La. R.S. 9:2234(A), which requires that a beneficiary file suit against a trustee for acts, omissions, or breaches of fiduciary duty within two years of the date that the trustee renders, “by actual delivery or mail to the beneficiary,” an accounting for the period the alleged acts, omissions, or breaches occurred. In fact, because they have yet to receive an accounting, plaintiffs take the position that the limitation periods set forth in La. R.S. 9:2234 have not begun to run against their claim.
However, La. R.S. 9:2234(A) also provides, in addition to the two-year period which is triggered by actual delivery or mailing of an accounting to the beneficiary by the trustee, for a three-year peremptive period as follows:
[Ajctions [for acts, omissions, or breaches of duty] shall in all events, even as to actions within two years of disclosure, be filed within three years of the date that the trustee renders an accounting for the accounting period in which the alleged act, omission, or breach of duty occurred. (Emphasis added).
Subpart (C) of La. R.S. 9:2234 provides in part that:
The two-year and three-year periods of limitation provided for in this section are peremptive periods within the meaning of Civil Code particle 3458, and in accordance with Civil Code article 3461, may not be renounced, interrupted, or suspended.
The above statutory language and construction leaves no doubt but that the legislature intended to perempt all claims against trustees which were not brought within the applicable time period. Clearly, both the two-year and three-year periods of limitation are peremptive, not prescriptive, as recognized by the trial court.
In their original petition, plaintiffs alleged that from January 1, 1989, through May 1993, their father and sister, with the participation of the corporate co-trustee, diverted and disposed of trust assets without their knowledge or consent. They also averred that all remaining funds and assets of the trust were distributed to Robert Sr. on May 14, 1993. The final accounting for the fiscal year that ended on July 31, 1993, was rendered and delivered to Robert Sr. and Linda, but not delivered to plaintiffs.
In its revision of La. R.S. 9:2234, the legislature also included the following provision in subpart (C):
*206 [A] beneficiary shall have one year from July 9, 1999, to bring an action for damages against a trustee arising out of an act, omission, or breach of duty for a transaction disclosed in any prior accounting.
This provision extended the time that plaintiffs had to file suit for acts, omissions, or breaches of fiduciary duty for transactions which occurred from 1989 to 1993 until one year from July 9, 1999— without this provision, plaintiffs would have had to file suit by July 31, 1996. Plaintiffs did not file their action against defendants Larson and Argent until October 28, 2002, some two years after July 9, 2000, which, according to La. R.S. 9:2234(C) is the latest date that their claim for acts, omissions, and breaches | fiof fiduciary duty which occurred between 1989 and 1993 could have been asserted, and against defendant McDonald until December 15, 2005, which is five and one-half years later than the time provided by statute.
While we agree with the trial court that this seems to be an inequitable result, we note that plaintiffs were not unaware of their status as beneficiaries to the trust and should have been more involved in protecting their interests. When they failed to receive the first couple of annual accountings, plaintiffs could have been in touch with the corporate co-trustee (assuming a lack of cooperation on the part of their sister and father) and, at that time determined that they needed to be more involved.
The second assignment of error made by plaintiffs is that the trial court erred in finding that their action against McDonald for negligence in administering the trust had prescribed.
This claim appears to fall within the scope of La. R.S. 9:2234(D), which provides that all actions brought against any trustee are governed by the provisions of La. R.S. 9:2234. Therefore, as it is a claim for damages by a beneficiary against a trustee, not having been brought within three years of the date of the final accounting for the complained-of period, it is untimely.
Should we apply the prescriptive period applicable to general tort claims, which is one year, the result would be the same. Plaintiffs took McDonald’s deposition on December 10, 2004; at that time, the facts giving rise to their negligence claim were disclosed, yet suit was not filed until 17Pecember 15, 2005, more than one year later. As such, their negligence claim has prescribed. See La. C.C. art. 3492.[3]

Conclusion

For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs are assessed to plaintiffs-appellants, James and Robert Wright, Jr.

. Mr. and Mrs. Wright named themselves as income and principal beneficiaries of the trust and provided that income and principal disbursements would be made so that "they may live in the manner in which they are accustomed” and "as may be required for their support, maintenance, medical expenses, and welfare.”

. Motions for summary judgment were filed by all defendants and were taken up at the hearing on McDonald’s exception of prescription. The trial court ultimately granted the summary judgment motions, but thereafter reversed itself and granted a new trial motion filed by plaintiffs. That portion of plaintiffs’ motion seeking a new trial on McDonald’s *204 exception of prescription was denied and it is actually this judgment from which plaintiffs have appealed.

. Based upon our resolution of this issue, we find merit to the exception of no cause of action filed by McDonald and hereby grant the exception. Statutes of peremption do not merely bar the remedy, they destroy the cause of action itself. Azar-O’Bannon v. Azar, 00-0101 (La.App. 4th Cir.09/27/00), 770 So.2d 458, writ denied, 00-3004 (La.01/12/01) 781 So.2d 557; Estate of Williams v. Louisiana Office of Risk Management, 93-795 (La.App. 3d Cir.03/02/94), 634 So.2d 1260, writ denied, 94-0793 (La.05/06/94), 637 So.2d 1054. The result is that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced. Bunge Corp. v. GATX Corp., 557 So.2d 1376 (La.09/20/06), 940 So.2d 105.