JOY COSSICH LOBRANO, Judge.
| plaintiffs, Marguerite Hartman Se-rigne and Christine Hartman Collier, appeal the November 22, 2013 trial court judgment granting summary judgment in favor of defendant, JPMorgan Chase Bank, N.A. (“JPMorgan”), and dismissing plaintiffs’ claims against that defendant with prejudice.
On March 26,-2013, plaintiffs, who are sisters, filed suit against JPMorgan,[1] the trustee of trusts of which plaintiffs were beneficiaries, claiming that JPMorgan violated its fiduciary duty to them. The peti *1199 tion alleged that the original trustee for the Christine Renee Hartman Trust and the Marguerite Laura Hartman Trust, which trusts were created in 1989, was First National Bank of Commerce. First National Bank of Commerce was later acquired by Bank One, which in turn was acquired by Chase Bank. Chase Bank later merged with JPMorgan to form the defendant company, JPMorgan Chase Bank. The petition also alleged that plaintiffs’ mother, Linda Hartman Djuve, was named as an additional trustee of the Marguerite Laura Hartman Trust after Marguerite reached the age of majority.
|2The trusts at issue were established in plaintiffs’ names while they were minors and were funded with proceeds of a settlement they received for the wrongful death of their father, Gary Paul Hartman. The suit claims that after plaintiffs reached the age of majority, their mother, Linda Hartman Djuve, forged their names on documents to JPMorgan, seeking to terminate plaintiffs’ trusts and have the remaining funds wired to Djuve’s personal account. JPMorgan subsequently released the money remaining in the plaintiffs’ trusts to Djuve. In a supplemental and amending petition, plaintiffs alleged that JPMorgan mailed all statements related to the trusts to the home address of their grandparents, and not to the address where the plaintiffs lived with their mother.
Plaintiffs alleged that JPMorgan breached its fiduciary duty to them to use reasonable care to protect the assets of the trusts, to administer the trusts solely for the interest of the beneficiaries, to use reasonable care to prevent a breach of trust by a co-trustee, to not delegate its duties to a third person, and any other breach that may be proved at trial. Plaintiffs claimed that through various fraudulent acts, their mother terminated their trusts and instructed JPMorgan to release the remaining funds in the trusts to her and to mail the final statements for the trusts to the beneficiaries’ grandparents’ address, rather than to the address where plaintiffs/beneficiaries lived with their mother. They also claimed that they never received notice that their trusts had ended until after their mother died in 2012.
JPMorgan filed a motion for summary judgment, in which it claimed that its mailing of the 2005 statements to the last known address on file for the [.^beneficiaries was a rendering of its final account, sufficient to begin one or both of the peremptive periods set forth in La. R.S. 9:2284 for the filing of a claim against a trustee. In support of its motion, JPMorgan submitted the affidavit of Elizabeth Pope, Vice President and Trust Officer at JPMorgan. Ms. Pope, who served as Trust Advisor for both trusts, stated that JPMorgan mailed all statements and tax information letters to the trust beneficiaries at the mailing address provided to JPMorgan at the inception of the two trusts, which address was 408 Schlief Drive, Belle Chasse, LA 70087 (identified by plaintiffs in this lawsuit as their grandparents’ address.) JPMorgan claims that it is entitled to summary judgment because plaintiffs’ claims against it are per-empted under La. R.S. 9:2234.
Plaintiffs opposed the motion for summary judgment, arguing that the address to which JPMorgan sent its final account was not the beneficiaries’ mailing address, so JPMorgan’s final account was not sufficiently “rendered” to begin the running of either of the peremptive periods for a claim against a trustee under La. R.S. 9:2234. According to plaintiffs, JPMorgan cannot rely on the fact that it mailed the final account to the “last known address” of the beneficiaries, because JPMorgan knew or should have known that the address in its records was incorrect. Plaintiffs claimed that JPMorgan had informa *1200 tion in its possession, including the driver’s license of one of the beneficiaries, which showed that this beneficiary had an address different from the one to which JPMorgan sent the final account and other statements for the trusts.
At the hearing on the motion, the trial court noted that the statutory scheme allowed notice to the “last known address” and the address on file with JPMorgan is the one it used. The trial court said he would not impose on JPMorgan a higher duty than that required by statutory law. The trial court granted JPMorgan’s motion for summary judgment, dismissed plaintiffs’ claims against JPMorgan and designated the judgment as final and immediately appealable pursuant to La. C.C.P. art. 1915B.
Plaintiffs appealed, arguing that in order to properly render a final account to a beneficiary, a trustee must actually deliver the final account to the beneficiary to begin the running of either of the peremptive periods set forth in La. R.S. 9:2234. They further argue that the trustee, whose fiduciary obligation requires it to protect the beneficiaries from financial harm, cannot claim the benefits of the peremptive periods provided for in La. R.S. 9:2234 when its own failures prevented the delivery of the final account to the beneficiaries. Plaintiffs claim that JPMorgan had enough information in its records to make it aware that the address of the beneficiaries may not have been correct. They claim that this information triggered a duty of inquiry on the part of JPMorgan, so the mailing of a final statement to an incorrect address did not suffice to begin the running of either peremptive period set forth in La. R.S. 9:2234.
JPMorgan argued that it mailed the final account to the authorized address on file in compliance with the trust instruments and the Louisiana Trust Code. According to JPMorgan’s Vice President and Trust Officer Elizabeth Pope, at no Rtime from the inception of the trusts in 1989 through the date of the mailings at issue in 2005 was JPMorgan provided with a written instrument authorizing a different or additional mailing address for the beneficiaries.
An appellate court reviews summary judgments de novo, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; ie. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882 (citations omitted).
La. R.S. 9:2234 states:
A. An action for damages by a beneficiary against a trustee for any act, omission, or breach of duty shall be brought within two years of the date that the trustee renders, by actual delivery or mail to the beneficiary, or if the beneficiary lacks legal capacity, the beneficiary’s legal representative, to the last known address of the beneficiary and that of the legal representative if any, an accounting for the accounting period in which the alleged act, omission, or breach of duty arising out of the matters disclosed therein occurred. However, such actions shall in all events, even as to actions within two years of disclosure, be filed within three years of the date that the trustee renders an accounting for the accounting period in which the alleged act, omission, or breach of duty occurred. If a beneficiary is a minor when a trustee’s accounting for the accounting period in which the alleged act, omission, or breach of duty occurred is rendered, the prescriptive period of two years begins to run from the day he reaches the age of eighteen years.
*1201 B. Any action by a beneficiary against a trustee other than those described on Subsection A of this Section is prescribed by two years beginning from the date that the trustee renders his final account to the beneficiary.
C. The provisions of this Section are remedial and apply to all causes of action for damages without regard to the date when the alleged act, omission, or breach of duty occurred. The two-year and three-year periods of | ^limitation provided for in this Section are peremp-tive periods within the meaning of Civil Code Article 3458, and in accordance with Civil Code Article 3461 may not be renounced, interrupted, or suspended. Notwithstanding the foregoing, a beneficiary shall have one year from July 9, 1999, to bring an action for damages against a trustee arising out of an act, omission, or breach of duty for a transaction disclosed in any prior accounting.
D. Notwithstanding any other provision of law, all actions brought in the state against any trustee, the prescriptive and peremptive period shall be governed exclusively by this Section.
Attached to the motion for summary judgment were documents marked “Final Letter,” and statements, which were sent to both plaintiffs, at the Schlief Drive address, for the 2005 tax year. One of the letters was addressed to Christine Hartman, and referenced the tax period beginning of January 1, 2005 and ending on May 23, 2005, and the other letter was addressed to Marguerite Hartman, and referenced the tax period beginning on January 1, 2005 and ending on July 8, 2005.
The evidence supports JPMorgan’s assertion that it properly rendered a final account to the beneficiaries in 2005 at their last known address on file. Although plaintiffs claim that JPMorgan had information in its possession, including the driver’s license of one of the beneficiaries, which showed that this beneficiary had an address different from the one to which JPMorgan sent the final account and other statements for the trusts, there is no evidence in the record that plaintiffs ever provided JPMorgan with a written instrument authorizing a different or additional mailing address to be used for either of them. Furthermore, regarding plaintiffs’ allegations in their petition as to other breaches of trust by JPMorgan that occurred |7between 2001 and 2005,[2] the record includes plaintiffs’ affidavit, which contains the following statement: “All of the monthly statements from the trusts were mailed to Linda Djuve’s parent’s house at 408 Schlief Dr., Belle Chasse, LA, not the house where affiants were living, at 409 Monda Dr., Belle Chasse, LA.” This statement in the affidavit establishes that JPMorgan rendered an accounting for all of the accounting periods in which alleged acts, omissions, or breaches of duty occurred as required under La. R.S. 9:2234 A.
We conclude that there is no question of fact that JPMorgan properly rendered an accounting to plaintiffs (through mailing of monthly statements) for all accounting periods for which breaches of trust were alleged and properly rendered a final account to the plaintiffs in 2005. Because the record is devoid of any evidence that plaintiffs ever provided JPMorgan with a written instrument authorizing a different or additional mailing address for either of them, other than the authorized address JPMorgan had on file, JPMorgan’s rendering of its accountings for 2001-2005 and its final account in 2005 to the last known *1202 address on file for plaintiffs/beneficiaries was sufficient to begin both the two-year and three-year peremptive periods set forth in La. R.S. 9:2234 for the filing of a claim against a trustee.[3] Given the language in La. R.S. 9:2234 A that “such actions shall in all events, even as to actions within two years of disclosure, be filed within three years of the date that the trustee renders an accounting for the accounting period in 1 «which the alleged act, omission, or breach of duty occurred,” we conclude that plaintiffs’ claims against JPMorgan were perempted under La. R.S. 9:2234 by 2008 at the very latest. Because plaintiffs did not file their lawsuit against JPMorgan until 2013, JPMorgan is entitled to summary judgment.
For the reasons stated above, we affirm the trial court’s November 22, 2013 judgment granting summary judgment in favor of defendant, JPMorgan, and dismissing plaintiffs’ claims against that defendant with prejudice.
AFFIRMED.

. Also named as defendants were Mississippi River Bank and the Succession of Linda Hartman Djuve, but this appeal only involves plaintiffs’ claims against JPMorgan.

. In addition to alleging breaches of trust that occurred in 2005, the petition included allegations that JPMorgan made distributions from the trusts during the period between 2001 and 2005 without receiving court approval.

. See Wright v. Larson, 42, 101 (La.App. 2 Cir. 5/2/07), 956 So.2d 202, where the granting of an exception of prescription was affirmed based on the suit being filed by beneficiaries against a trustee more than three years after the final accounting for the complained-of period. The Wright court held that plaintiffs' claims against the trustee were untimely under La. R.S. 9:2234 notwithstanding their argument that the accounting was sent to other family member beneficiaries but not to them. Id.