LOLLEY, J.
 

 | ,In this prescription case, plaintiffs, John Cooksey, M.D., and his medical corporation appeal the judgment of the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, which found in favor of defendants, Heard, McElroy <& Vestal, LLP (“Heard McElroy”) and Ron Stewart. For the following reasons, we affirm the trial court’s judgment.
 

 
 *1013
 
 FACTS
 

 Dr. John Cooksey is an opthalmologist and John Cooksey, M.D., a professional medical corporation is Dr. Cooksey’s wholly owned medical corporation (“plaintiffs”). From 1993 to 2003, Ron Stewart, a certified public accountant with Heard McEl-roy (“defendants”) performed accounting services for plaintiffs. From 1997 until 2003, Dr. Cooksey served in the United States Congress and did not practice medicine full time. According to Dr. Cooksey, during his time in Congress, defendants began to submit bills for fictitious and/or improperly inflated services, in addition to misallocating overhead expenses to him instead of his co-owner and partner, Dr. Priscilla Perry.
 

 Due to personal reasons, Dr. Perry relocated and sought to leave the practice. Dr. Cooksey hired David Knight, a certified public accountant, to help with negotiations as he attempted to buy out Dr. Perry from the medical practice. The buy-out eventually occurred in March 2003. During his review of the company’s financial documents that the defendants’ supplied, Knight brought to Dr. Cooksey’s attention his concerns about the numbers | gused in the valuation process and potential excessive billing issues. On May 23, 2005, plaintiffs filed a suit against Heard McElroy and Stewart alleging accounting malpractice. However, due to procedural reasons, the suit was dismissed without prejudice by the trial court on December 29, 2005. On June 4, 2008, plaintiffs filed an Amended Supplemental Petition for damages stating that it “related back” to the original petition. On November 24, 2008, defendants filed a Peremptory Exception of Prescription to the Amended and Supplemental Petition. On December 12, 2008, defendants filed a Second Peremptory Exception of Prescription to the Original Petition. After a hearing on the exceptions, the trial court granted the defendants’ exceptions and dismissed the instant suit. Plaintiffs now appeal.
 

 LAW AND DISCUSSION
 

 Plaintiffs argue that the amended pleadings established that the evidence of defendants’ wrongdoings were discovered within one year of filing the instant suit.
 

 Louisiana R.S. 9:5604 states, in pertinent part:
 

 A. No action for damages against any accountant duly licensed under the laws of this state, or any firm as defined in R.S. 37:71, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide professional accounting service shall be brought unless filed in a court of competent jurisdiction and proper venue
 
 within one year from the date of the alleged act, omission, or neglect, or within o?ie year from the date that the alleged act, omission, or neglect is discovered or should have been discovered;
 
 however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect. (Emphasis added.)
 

 | ¿The party raising the exception of prescription ordinarily bears the burden of proof at the trial of the peremptory exception.
 
 Spott v. Otis Elevator Co.,
 
 601 So.2d 1355 (La.1992). However, when prescription is evident from the face of the pleadings, the plaintiff bears the burden of showing the action has not prescribed.
 
 Id.
 
 When evidence is introduced at the hearing on the exception of prescription, the trial court’s findings of fact are reviewed under the manifest error-clearly wrong standard of review.
 
 McKinley v. Scott,
 
 44,414 (La.App.2d Cir.07/15/09), 17 So.3d 81. Here, defendants submit that plain
 
 *1014
 
 tiffs’ own records show clearly that all of the facts were known in March 2003, and therefore the applicable prescriptive period has expired. We agree.
 

 According to the record, and as the trial court noted, the information regarding the alleged wrongdoings were known or should have been known in 2003, when Knight raised his concerns with the financial documents based on the information defendants’ had supplied. Knight eventually created a report dated June 8, 2004, which plaintiffs rely on as the “date of discovery,” that raised various malpractice claims that could be brought against defendants. However, according to the March 27, 2003 minutes, at least two of the issues raised in Knight’s 2004 report, were covered at the board of directors’ meeting for John Cooksey, M.D.
 
 &
 
 Priscilla Perry, M.D., a Louisiana Medical Corporation. Knight testified to the same. In light of this evidence, the trial court was not manifestly erroneous in its finding that plaintiffs had knowledge of the facts forming the basis for the “alleged” malpractice in 2003. Therefore, the time in which to bring a malpractice |4suit is prescribed, and any new claims pled in the amended petition are moot.
 

 In the alternative, plaintiffs argue that the peremptive period is not applicable since the defendants’ actions constituted fraud. Louisiana R.S. 9:5604 states that the “peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.” Two elements essential to establishing legal fraud are intent to defraud or gain an unfair advantage and a resulting loss or damage.
 
 First Downtown Development v. Cimochowski,
 
 613 So.2d 671 (La.App. 2d Cir.1993),
 
 writ denied,
 
 615 So.2d 340 (La.1993). The party alleging fraud must prove it by a preponderance of the evidence. La. C.C. art. 1957; W.A
 
 McMichael Const. Co. v. D & W Properties, Inc.,
 
 356 So.2d 1115, (La. App. 2d Cir.1978),
 
 writ denied,
 
 359 So.2d 198 (La.1978).
 

 After a review of the record, we fail to find that fraud was established. First, nothing in the record indicates that defendants intentionally inflated their fees to defraud plaintiffs. In addition, Cooksey, at trial, could not point to specific billing errors, services not rendered, or their excessive fees to substantiate his allegations of fraud. As such, we find this argument unpersuasive.
 

 CONCLUSION
 

 For the foregoing reasons, the trial court’s opinion is affirmed. Costs of this appeal are assessed against plaintiffs, Dr. John Cooksey and John Cooksey, M.D., a • professional medical corporation.
 

 AFFIRMED.