DREW, J.
*1091 Charles H. Parker appeals from a judgment sustaining the defendants' exceptions of prescription and dismissing all of his claims against St. Francis Medical Center, Inc., and Kristin Wolkart (collectively referred to as "defendants"). We affirm the judgment of the trial court.
FACTS
Charles H. Parker was an inmate at the Ouachita Parish Jail under the supervision of the Louisiana Department of Corrections. While in custody, Parker began experiencing severe stomach pains. He was taken to a specialist, who recommended that Parker be prepared for emergency surgery at once to remove his gall bladder. Due to the unavailability of E.A. Conway Medical Center, Parker underwent surgery on January 10, 1995, at St. Francis Medical Center. During his stay at St. Francis, Parker alleges that an employee approached him to discuss payment of his bill. The employee asked Parker if he would like to pay his bill up to the current date and later be refunded by the Sheriff's Department after the hospital billed the department. According to Parker, he agreed to this suggestion and wrote a check for $8,361.25 on January 16, 1995.[1] He was then discharged from St. Francis on January 17, 1995.
Parker was sent once more to St. Francis for treatment associated with the previous surgery on March 4, 1995. While there, a St. Francis employee allegedly asked Parker to pay a deposit on his bill. Parker agreed and wrote a second check to St. Francis in the amount of $15.00.
Parker allegedly wrote his first letter to St. Francis demanding a refund of the money he had paid on May 25, 1996. From 1996 until the time he filed suit in March 2016, he has sent an estimated 44 letters requesting a refund.[2] St. Francis never responded to any of these letters until president and C.E.O. of St. Francis, Kristin Wolkart, replied in a letter dated June 16, 2015, stating that St. Francis was not going to refund Parker. In response to the letter, Parker filed suit on March 15, 2016, against defendants claiming that they should be required to refund the money pursuant to La. R.S. 15:824(B)(1)(c). Subsequently, defendants filed exceptions of prescription, no cause of action, nonconformity, and vagueness, seeking dismissal of the claims.
The exceptions came for hearing before the trial court on September 21, 2016. The court denied the exceptions of vagueness and nonconformity.
After being continued, the exceptions of prescription and no cause of action came for hearing on October 25, 2016. In regard to the exception of prescription, the defendants argued that the latest Parker could have filed was May 2006, 10 years after the first letter was sent to St. Francis seeking a refund. In response, Parker *1092 called Kristin Wolkart as a witness and contended that the doctrine of contra non valentem rendered his lawsuit timely. Parker argued that the prescriptive period did not begin running under this doctrine until June 16, 2015, when he became aware that St. Francis would not be refunding the money.
The trial court granted the exception of prescription filed by the defendants, dismissed the petition seeking refund, and found the exception of no cause of action to be moot.
DISCUSSION
On appeal, Parker asserts that the trial court erred in granting defendants' exception of prescription, dismissing all of his claims against them.
Parker argues on appeal that his claim was filed timely because it was filed less than a year after he received the letter from Kristin Wolkart and became aware of his cause of action. When evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Cooksey v. Heard, McElroy, & Vestal, LLC , 44,761 (La App. 2 Cir. 9/23/09), 21 So.3d 1011.
The prescriptive period for personal actions is set forth in La. C.C. art. 3499, "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." Generally, the party raising the peremptory exception of prescription bears the burden of proof at the trial of the exception; however, when prescription is clear from the face of the pleadings, the plaintiff bears the burden of proving that the cause of action has not prescribed. In re Medical Review Panel ex rel. Rachal , 48,984 (La. App. 2 Cir. 6/25/14), 144 So.3d 1199, writ denied , 2014-1887 (La. 11/14/14), 152 So.3d 886.
The doctrine of contra non valentem agere nulla currit praescriptio , which means that prescription does not run against someone who could not bring his suit, has occasionally been applied to lessen the harshness of prescriptive statutes. Id. at 1203. There are four factual circumstances where this doctrine applies, preventing the running of liberative prescriptions:
1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
4) Where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.
Plaquemines Parish Comm. Council v. Delta Dev. Co. , 502 So.2d 1034 (La. 1987).
Parker argues that he did not become aware of his cause of action until he received the letter from the defendants dated June 16, 2016. Therefore, under the doctrine of contra non valentem , prescription did not begin running until that date. However, Parker has failed to specify which factual event applies here. Parker's arguments appear to suggest that he is relying on category four, which involves cases where the cause of action is not known or reasonably knowable by the plaintiff. In such cases, this doctrine operates to suspend the running of prescription until such a time that the plaintiff knew or reasonably should have known that his damages were the fault of the defendant's negligent act. Id. at 1203. The doctrine, *1093 however, does not apply if the plaintiff's ignorance is attributable to his own willfulness or neglect. Id.
The latest that Parker either knew or reasonably should have known of his reimbursement claim was May 25, 1996, after mailing his first request for reimbursement. The defendants did not make any promises to reimburse him of such funds, acknowledge any debt owed, or take any action to conceal Parker's claim. After failing to receive a response after the third or fourth letter, Parker should have reasonably known that the defendants were not planning to reimburse him. The silence of the defendants did not impede Parker from filing suit; it was Parker's decision alone to delay filing suit.
In addition, Parker did not raise any other arguments to establish circumstances which impeded him from filing suit. Although Parker was an inmate during the entire course of prescription, this alone did not hinder him from filing suit; Parker did not raise any allegations that anyone obstructed him from filing suit. He had access to the courts, and it was solely his decision to delay the filing of this suit. Because Parker has not met his burden of showing that the cause of action has not prescribed, the peremptory exception of no cause of action is moot.
DECREE
For the reasons stated herein, we affirm the trial court judgment sustaining the exceptions of prescription filed by defendants. With all costs to be paid by Parker, in accordance with La. C.C.P. art. 5188, the judgment is AFFIRMED.

A demand bill from St. Francis attached to his petition reflects that a personal check for that amount was received.

A ledger containing the dates of 37 written letters to St. Francis was attached to plaintiff's synopsis filed March 15, 2016.